OPINION OF THE COURT
 

 WEIS, Circuit Judge.
 

 The Bankruptcy Rules, like the Federal Rules of Civil Procedure encourage the use of sanctions to put a damper on litigation tactics that pervert the judicial system. In this case, after finding that a chapter 11 petitioner had wrongfully invoked the court’s process, a bankruptcy judge directed the payment of counsel fees to a creditor. We agree with the district court that the order was proper and will affirm.
 

 After dismissing appellant Edbee’s chapter 11 reorganization petition, the bankruptcy judge conducted a hearing to determine if sanctions should be imposed. Finding that Edbee had filed the petition for the purpose of delay and not for reorganization, the bankruptcy judge directed the debtor to pay as a sanction the sum of $3,000 in attorneys’ fees to its creditor Cinema Service. The district court, on appeal, affirmed the order of the bankruptcy judge.
 

 The debtor Edbee is a Pennsylvania corporation, having as its sole asset a movie theater which it leased to Cinema Service in 1971 for a term of twenty years. Edbee assigned the lease to its mortgagee, the Union National Bank, and Cinema thereafter paid a portion of the rent equal to the mortgage payments to the Bank. The remainder was remitted to Edbee.
 

 When Cinema’s demands for repairs were not resolved to its satisfaction, it began withholding the portion of the rental payments due Edbee. A series of suits and countersuits in the state court followed over a period of years, with each party securing judgments against the other. Cinema sought and obtained execution on its judgment, and the theater was scheduled for a sheriff’s sale on Monday, February 6, 1984. However, Edbee filed its
 
 *585
 
 chapter 11 petition on Friday, February 3, 1984, automatically staying the sale.
 

 Both Cinema and the Bank urged the bankruptcy judge to dismiss the petition under 11 U.S.C. § 305, and Edbee asked for the appointment of an auditor to examine Cinema’s records. The bankruptcy judge was determined not to allow the proposed audit to “be a collateral attempt to open the state court judgment.” He therefore directed debtor to post a bond in the amount of the judgment. The bond was imposed to “simulate the circumstances which the debtor would be required to meet under a [reorganization] plan.” The petition was dismissed on April 30, 1984 when Edbee was unable to secure a bond.
 

 In May 1984, Edbee filed a petition in the state court to stay execution and apply setoff. The Common Pleas Court reduced the amount of Cinema’s judgment, and the Pennsylvania Superior Court affirmed that order.
 

 In June 1984, the bankruptcy judge held a hearing on Cinema’s request for attorneys’ fees and costs in the amount of $4,000. Cinema argued that sanctions were appropriate because Edbee had “filed its petition only to harass and delay its secured creditor in the exercise of its lawful collection rights ... it had absolutely no realistic possibility of reorganizing ... was not operating a business ... and had no unsecured business creditors.”
 

 In a Memorandum Opinion, the bankruptcy judge reviewed the history of the proceedings. In discussing the automatic stay provisions of chapter 11, he wrote, “When this stay is used for purposes other than reorganizing, this judicial process has been abused.” He continued, “The court concludes in this case that the debtor filed this ease for purposes of delay and not for the purpose of reorganizing. Delay is not a proper purpose and it has served to increase the costs of petitioners.” The bankruptcy judge then ordered debtor to pay the sum of $3,000 as an appropriate sanction under the circumstances.
 

 Determining that the bankruptcy court’s findings were not clearly erroneous, the district court affirmed the order awarding attorneys’ fees. The district judge concluded that Bankruptcy Rule 9011 authorizes the payment of the adversary’s fees when a bankruptcy petition is filed for improper purposes.
 

 Edbee has appealed, as stated in its notice, from the order “awarding attorneys’ fees to Cinema Service Corporation in Ed-bee’s bankruptcy case.” In its brief in this court, Edbee raises several contentions which could be read as challenges to other orders of the bankruptcy judge, including the one directing the posting of a bond as a precondition to an audit. On this appeal, however, we consider only the propriety of the order for sanctions under Bankruptcy Rule 9011.
 
 [1]
 
 We have, nevertheless, reviewed the bankruptcy case in its entirety as background for the invocation of Rule 9011.
 

 The Committee Note to the Bankruptcy Rule 9011 is quite terse, stating that “the last sentence of this subdivision [a] authorizes a broad range of sanctions.” The text of the Rule tracks Fed.R.Civ.P. 11, with only such modifications as are appropriate in bankruptcy matters. In providing for sanctions, Rule 9011 discourages in bankruptcy proceedings the same type of conduct which Fed.R.Civ.P. 11 proscribes, particularly through its amendments adopted in 1983.
 

 The 1983 amendments to Rule 11 provide that “the signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper ... and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.” In addition, Bankruptcy Rule 9011 includes as a
 
 *586
 
 document “a petition” and as one of the prohibited purposes “to cause delay or to increase the cost of litigation.” Both rules provide that on violation, “the court on motion or on its own initiative shall impose on the person who signed [a document], the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred ... including a reasonable attorney’s fee.”
 

 The Committee Note to Rule 1.1 states that the rule is intended to reduce the ■reluctance of courts to impose sanctions. “Greater attention” by the courts to “pleading and motions abuses and the imposition of sanctions when appropriate, should discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses.” The Note also emphasizes the rule’s use of words such as “shall impose” to “focus the court’s attention on the need to impose sanctions for pleading and motion abuses.”
 

 In the case at hand, the bankruptcy judge was presented with a situation where Edbee and Cinema Service had been bickering and squabbling for years in the state courts. Edbee’s filing of the chapter 11 petition was precipitated, not by a desire, or need for reorganization, but simply to stave off a sheriff’s sale on Cinema’s state court judgment. As the bankruptcy judge was well aware, the automatic stay granted in chapter 11 petitions is intended to give the debtor “breathing room” to facilitate reorganization. An attempt to stop a sheriff’s sale, if undertaken pursuant to a legitimate effort at reorganization, is not reprehensible and is in accord with the aim of the Bankruptcy Code. Similar considerations apply in a chapter 7 proceeding. We point out, however, that we are not here confronted with a situation where existing or threatened claims may constitute an actual, substantial danger to the economic viability of a corporation.
 

 As the bankruptcy judge found, however Edbee did not file its petition for the purpose of reorganization but solely for delay. Indeed, Edbee’s counsel conceded before the bankruptcy judge that “all that the debtor attempted to achieve down here was a reconciliation of what it owed. Of course it was to stop the sheriff but that is one of the benefits of filing a Chapter 11. When there is a reorganization in a Chapter 11, you get a stay. It [debtor] wanted to reconcile its difficulties and pay the balance in some acceptable manner.”
 

 As the record demonstrates, the proper way to clarify the amount due was to petition the state court for a stay of the sheriff’s sale so that a hearing on the claim of setoff could be set. After the bankruptcy court dismissed the petition, Edbee followed precisely that procedure in the state court and was able to secure a reduction in the amount owed to Cinema.
 

 On a record such as this we cannot say that there was error, let alone clear error, in the bankruptcy judge’s factual finding that the bankruptcy process had been abused through the filing of the chapter 11 petition. Ascertainment of the correct standing of accounts between two parties, particularly when both hold state judgments, is a matter for resolution in state court. The controversy did not involve any other creditor of the debtor, and the dispute clearly was not a proper subject for invocation of a bankruptcy proceeding.
 

 The bankruptcy judge did not abuse his discretion in assessing sanctions, but followed the intent and spirit of Rule 9011. Accordingly, the judgment of the district court affirming the order of the bankruptcy judge will in turn be affirmed.
 

 [1]
 

 . Dismissal of a bankruptcy proceeding under § 305(a), the provision used by the bankruptcy judge here, is not reviewable on appeal.
 
 See
 
 11 U.S.C. § 305(c).