**In re FOOD WORKSHOP, INC., Debtor.**

**Bankruptcy No. 86 B 10547 (TLB).**

United States Bankruptcy Court, S.D. New York.

March 16, 1987.

William Livingston III, New York City, pro se.

Goldman, Frier & Altesman, New York City, for Food Workshop, Inc., by: Albert Altesman.

Schneider, Harris & Harris, Woodmere, N.Y., pro se.

John Campo, Eric Small, New York City, Office of the United States Trustee.

## MEMORANDUM DECISION AND ORDER DENYING ATTORNEY'S FEES AND SANCTIONS

TINA L. BROZMAN, Bankruptcy Judge.

At issue is the entitlement of a disgruntled former attorney for a 50% shareholder of the debtor to fees for services which the

attorney rendered both prior and subsequent to the filing of the debtor's chapter 11 petition. The case was filed in an effort to realize value from a lease for premises from which the debtor was being evicted in the state courts. Despite their previous internecine warfare, the debtor's two equal shareholders, shortly after the attorney withdrew from representing one of them, cast aside their personal animus in favor of attempting to reorganize their business. Notwithstanding his former client's change of heart, the attorney seeks on his own behalf an award of fees from the debtor's estate pursuant to 11 U.S.C. § 503(b) and an award of sanctions against the debtor's counsel and the other shareholder and his counsel pursuant to Fed.R.Bankr.P. 9011 ("Rule 9011"). For the reasons which follow, we hold that the attorney must look to his former client for payment. The estate is not liable for payment of his post-petition services and the imposition of sanctions pursuant to Rule 9011 against the individuals is unwarranted. We express no opinion at this time about the propriety of any unsecured claim which the attorney may assert against the estate arising out of the pre-petition services which he rendered. We also decline to impose sanctions against the attorney for bringing the instant motion.

## FACTS

Although the movant's papers were voluminous and contained a great deal of material extraneous to his motion, the facts necessary to a resolution of his motion are not in dispute. We highlight only those.

Food Workshop, Inc. ("Food Workshop"), represented by William Livingston III, Esq. ("Livingston") was involved in eviction proceedings with its landlord in state court. Food Workshop's problems were not limited to its lease; its two 50% shareholders, Jatinder Hoon ("Hoon") and Joginder Malik ("Malik"), were deadlocked in their attempts to manage the business. As a result of both these factors, Food Workshop filed a voluntary chapter 11 petition on March 28, 1986. The petition was signed by Malik as president of Food Workshop and by the law firm of Goldman, Frier & Altesman ("the Altesman firm") as attorney for Food Workshop.

Less than four weeks later, Livingston, representing Hoon, filed a motion to dismiss the petition. The grounds alleged in support of the motion were that Malik lacked the corporate authority to file the petition and that in any event the petition was filed in bad faith and without an eye towards submitting a reorganization plan. Hoon's affidavit explored these grounds as well as the disputes between the two shareholders.

Malik opposed the motion. In his affidavit he swore essentially that he had corporate authority to file the petition and that any alleged resignation by him as president was extracted from him through fraud. Further, he stated that the petition was filed to rescue the corporate assets, particularly the lease, and to stay the landlord/tenant proceedings. He believed the lease to be a valuable asset and had been involved in negotiations with prospective purchasers for its sale. While we need not detail his many allegations, we note that he, too, adverted to the intense ongoing battle between himself and Hoon.

The motion to dismiss was not heard on its return date. Livingston requested of the court[1] an adjournment to allow Hoon to obtain new counsel. Livingston sought to withdraw as counsel for Hoon in light of the conflict resulting from the many hats he wore with respect to Food Workshop and Hoon. Livingston was secretary to Food Workshop, counsel to Food Workshop in its eviction proceedings, counsel to Hoon in the bankruptcy case, a pre-petition creditor of Food Workshop in the bankruptcy and a party defendant along with Hoon and the landlord in another state court action commenced by the law firm Schneider, Harris & Harris ("the Schneider firm") on

---

**1.** The application for an adjournment and other initial hearings in this case were heard by the Honorable Cornelius Blackshear in my absence.

behalf of Malik. The adjournment was granted; soon thereafter, Sanford Rosen, Esq. ("Rosen") appeared as new counsel for Hoon.

Rosen, on behalf of Hoon, moved for the appointment of a chapter 11 trustee. Recognizing the need for chapter 11 relief, *Hoon expressly retracted his earlier request to dismiss the bankruptcy petition.* In relevant part, Hoon's affidavit in support of his second motion stated:

> Contrary to Malik's statements contained in his affidavit in opposition to the Dismissal Motion and the allegations contained in the Complaint, Applicant is interested solely in advancing the financial well-being of Workshop. Applicant indeed recognizes that the filing of the chapter 11 petition was necessary to protect and preserve Workshop's principal asset, the leasehold with respect to the Premises. The automatic stay provided by Section 362(a) of the Bankruptcy Code was invoked as a result of the filing of the chapter 11 petition. The automatic stay has served to enjoin Workshop's landlord with respect to the Premises, Manhattan Plaza Associates, from prosecuting its landlord/tenant non-payment eviction proceeding which it commenced against Workshop before the Civil Court of the City of New York, County of New York. While it would not best serve the interest of creditors and/or the estate of Workshop for the chapter 11 proceeding to be dismissed, in light of the deadlock of Applicant and Malik both as shareholders and directors of Workshop, Applicant submits that such deadlock has essentially paralyzed Workshop as a debtor-in-possession.

Hoon Aff. in Support of Motion to Appoint Trustee at ¶ 10. Subsequently, agreeing with Judge Blackshear's assessment that appointment of a chapter 11 trustee would ill serve the interests of creditors, Hoon determined not to press for that relief, either.

Thus, Hoon and Malik put aside their differences and worked together in chapter 11, focusing primarily on locating a buyer for the lease. The pending matters in this case which included various forms of relief sought by the landlord were adjourned to December 4, 1986.

At that time, recognizing their continuing inability to secure a firm offer for the lease, Hoon and Malik determined that the lease dispute which was the focus of the chapter 11 could best be resolved in the already commenced state court proceeding. So, together, they sought dismissal of the bankruptcy case. The landlord voiced no objection. No creditors had objected to dismissal, the creditors having been on notice of the original motion to dismiss which was still being carried. The United States Trustee ("U.S. Trustee") voiced no objection save for his request that the debtor first pay him the nominal amount in statutory fees owed. Based on all of the above, this court granted the dismissal and directed that an order to that effect be settled after the fees were paid. Hoon at that point formally withdrew his motion for the appointment of a trustee.

The fees were not paid, the order of dismissal was not signed and Livingston brought the instant order to show cause. In it he seeks payment of attorney's fees and costs for work he performed both before and after bankruptcy. The pre-petition fees stemmed from his role as secretary to Food Workshop and his representation of Food Workshop in the landlord/tenant proceedings. His post-petition fees stem from the motion to dismiss the chapter 11 case which he brought on behalf of his then client Hoon. He seeks fees and costs in the nature of sanctions under Rule 9011 against the Altesman firm, the Schneider firm and Malik. Alternatively, he seeks fees and costs from the estate pursuant to 11 U.S.C. §§ 503(b)(3)(D) and 503(b)(4) asserting he made a substantial contribution to the bankruptcy case. Although he brought the motion to dismiss on behalf of Hoon, significantly, Livingston brings the instant motion in his *individual* capacity.

Argument was entertained by this court on March 10, 1987. The debtor and the

Altesman and Schneider firms opposed the relief, joined by the U.S. Trustee, who opined that there had been no substantial contribution by Livingston to the estate. Hoon did not appear.

## DISCUSSION

■ Livingston's claim for pre-petition services need not detain us. At best, his claim may be one for unsecured debt. The Bankruptcy Code expressly deals with how such a claim can be satisfied. Rule 9011 and 11 U.S.C. § 503(b) are simply not avenues for the satisfaction of pre-petition unsecured debt.

### A. *Sanctions*

Rule 9011, like Fed.R.Civ.P. 11, proscribes the signing and filing of pleadings, motions and other papers either without making reasonable inquiry as to whether they are factually and legally well grounded or for the purposes of harassing, delaying or increasing the costs of litigation. An attorney or party violating Rule 9011 is subject to sanctions. Also like Fed.R. Civ.P. 11, Rule 9011 states that sanctions may include "an order to pay *to the other party or parties* the amount of the reasonable expenses incurred because of the filing of the document including a reasonable attorney's fee." (Emphasis supplied.) In this vein, Livingston points to the chapter 11 petition and argues that it was signed by Malik without proper corporate authority, a fact that the Altesman firm should have known, and that it was designed to delay the ongoing lease dispute and landlord/tenant proceedings in state court.

■ We note first that Livingston is not the proper person to benefit from any sanctions this court would impose. The suggestion in the rule that the prevailing party be awarded its fees and expenses as against the Rule 9011 violator was intended as a fee shifting device; while it punishes the Rule 9011 violator, it compensates the

party who necessarily incurred expenses in responding to or defending against the pleading or motion. Here, Livingston's response to the petition, the motion to dismiss, was brought on behalf of his then client, Hoon, but it is Livingston, not Hoon, who now seeks payment of fees as sanctions. That Hoon has not paid Livingston for his services does not confer upon Livingston a right to receive sanctions against Hoon's adversary or his counsel; the attorney must look to his client.[2]

■ In any event, the standing issue aside, we do not believe that an award of sanctions is appropriate. Given the identity of Rule 9011 and Fed.R.Civ.P. 11, we must be guided by the decisions construing the latter. In this circuit, the standard for the imposition of sanctions pursuant to Fed.R.Civ.P. 11 is clear.

[S]anctions shall be imposed against an attorney and/or his client when it appears that a pleading has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law.

*Eastway Construction Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir.1985) (emphasis omitted) (footnote omitted). And the standard, quoted above, is an objective one focusing not on the attorney's good or bad faith. *Oliveri v. Thompson*, 803 F.2d 1265, 1275 (2d Cir.1986).

■ The affidavits of Hoon and Malik in these proceedings reveal the existence of a *bona fide* dispute as to Malik's authority to act on behalf of the corporation. Certainly, he had that authority for a period of time. Whether he was legally stripped of it is a question whose answer is not so clear to this court. But we need not pause to determine that answer since Hoon agreed to

---

**2.** Our research has not uncovered any cases where an attorney, independent of his client, receives the benefits of a court's imposition of sanctions. It is clear the rule was not designed to reach this result. Indeed, authority speaks of

an "aggrieved party" bringing the motion. *See* 2A Moore's Federal Practice at 11–20 (2d ed. 1986). Livingston is not an "aggrieved party" vis-a-vis any paper filed in this case.

have Food Workshop remain in chapter 11, thus waiving any right to assert the petition was improperly filed. *See, e.g., In re R.S. Pinella Motel Partnership,* 5 B.R. 269, 2 C.B.C.2d 956 (Bankr.M.D.Fla.1980) (non-assenting general partner of a debtor company was estopped by his conduct during the chapter 11 from objecting to the filing of the voluntary chapter 11 petition).

■ The bankruptcy petition was filed in an effort to save the lease which was clearly in jeopardy due to the ongoing landlord/tenant proceedings. Livingston would have us hold this to be an improper purpose and upon these facts we cannot say it is.[3] It is apparent that Food Workshop needed the automatic stay and other protections afforded under the Bankruptcy Code to save the interest which it had in the lease and to maintain and maximize any other corporate assets which were in jeopardy due to the shareholders' deadlock. Indeed, *Hoon himself agreed* that chapter 11 was necessary for Food Workshop and expressly retreated from his earlier position that the petition should be dismissed.

Accordingly, we do not view the filing of this petition as having been for an improper purpose or as ungrounded in fact and unwarranted by existing law. Determining, as we have, that the imposition of sanctions is not called for, we need not reach the issue of whether the Schneider firm was a disclosed principal of the Altesman firm, its agent, such that the principal subjected itself to liability for a bad faith filing.

■ The Altesman and Schneider firms have cross moved for attorney's fees in connection with having defended against Livingston's request for sanctions. The de-

nial of one party's request for rule 11 sanctions does not necessarily give rise to the imposition of sanctions on the losing party for having sought that relief. We cannot say that upon viewing Livingston's claim it was "patently clear that [it had] absolutely no chance of success." *See Eastway,* 762 F.2d at 254; *Oliveri, supra,* 803 F.2d at 1275. There was, indeed, some question as to proper corporate authority. Further, we could find no unquestionable authority for the proposition that an aggrieved attorney has no standing, in his own right, to seek sanctions although we believe it is plain that he has not and, had we been shown some clear authority, we would have had no hesitation in imposing sanctions against the attorney. Finally, we do not think it so preposterous to argue that a law firm representing one shareholder who improperly files a bankruptcy petition might subject itself to liability under Rule 9011 if it engages another law firm as special counsel to file that petition.[4] We therefore deny the cross-motions.

## B. *§ 503(b)(4) Compensation*

Donning his creditor hat, as well as his attorney's cap, Livingston argues alternatively that he is entitled to attorney's fees from the estate. He relies on 11 U.S.C. §§ 503(b)(4) & 503(b)(3)(D) which allow a court to award a creditor compensation for expenses and attorney's fees incurred in making a substantial contribution in a case. His contribution, he argues, was moving to dismiss the petition; the substantiality, he asserts, lay in the later granting of a dismissal.

Applications filed under section 503(b)(3) must be scrutinized carefully for they are

---

**3.** Livingston's argument that sanctions should be imposed because the petition was filed in an effort to delay the landlord/tenant proceedings is a curious one. One of the very purposes of bankruptcy is to gain benefit from the automatic stay which benefit is implicitly designed to give the debtor some breathing room from his eager creditors. To the extent that fosters "delay," every bankruptcy petition would be violative of Rule 9011; the rule must be read in harmony with the goals of bankruptcy. This is not to condone, of course, the filing of a bank-

ruptcy petition solely to obtain the benefit of the automatic stay where there is no intention or ability to reorganize. *Cf. Cinema Service Corporation v. Edbee Corporation,* 774 F.2d 584 (3d Cir.1985).

**4.** We are mindful that Rule 9011 and Fed.R. Civ.P. 11 are not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories. *See* Advisory Committee Notes on Fed.R.Civ.P. 11; *Eastway,* 762 F.2d at 254.

filed after the services have been performed yet without prior court approval and, sometimes, knowledge. *See In re Saroca Corporation*, 46 B.R. 533, 12 B.C.D. 962, 963 (Bankr.D.Me.1985); *In re Consolidated Bancshares, Inc.*, 49 B.R. 467, 475 (Bankr.N.D.Tex.1985). Livingston's motion to dismiss was hardly a contribution but served instead to foster even greater friction between the shareholders. The grounds for his motion bore no relation at all to the reasons advanced by the debtor for ultimately seeking dismissal some seven to eight months later. In fact, the grounds underpinning Livingston's motion to dismiss, assuming their initial validity, vanished once Hoon ratified the chapter 11 petition and affirmatively sought to utilize chapter 11 to effect a reorganization.

 We recognize that substantial contribution does not necessarily mean that a creditor's efforts must lead to confirmation of a plan. A substantial contribution by a creditor may exist although that contribution results in the denial of confirmation, the discovery of fraud or a liquidation. *See* 3 L. King, *Collier on Bankruptcy* ¶ 503.04[3][d] (15th ed. 1986).[5] The focus, however, is on the benefit to the debtor's estate, the creditors and, if relevant, the shareholders. *Id.* at 503–48. There was no benefit flowing from Livingston's motion save for the utilization of his notice to all creditors. That an order may be entered dismissing the case for reasons unrelated to Livingston's motion does not transmogrify that motion into one of substantial contribution.

Accordingly, Livingston's request for attorney's fees and the cross motions for attorney's fees are denied.

IT IS SO ORDERED.

---

5. The substantial contribution standards are derived from the cases interpreting sections 242 and 243 of the Bankruptcy Act of 1898 (repealed). They serve as guidance today.