In re Fred and Virginia
NAHAS, Debtors.

Bankruptcy No. 88–03450.
Motion No. 89–367–M.

United States Bankruptcy Court,
W.D. Pennsylvania.

Feb. 2, 1989.

Thomas M. Zwilling, Bernadette L. Puzzuole, Pittsburgh, Pa., for movant (creditor) D.P. Bruton.

Joel Gold, Pittsburgh, Pa., for Pittsburgh Nat. Bank.

Timothy A. Finn, Beaver, Pa., for debtors.

## MEMORANDUM OPINION

JUDITH K. FITZGERALD,
Bankruptcy Judge.

The matter before the court is a motion seeking (1) to dismiss the case, (2) to convert it to a Chapter 7, or (3) for relief from stay, and (4) for sanctions, filed on behalf of D.P. Bruton, Debtors' only unsecured creditor. In May of 1986, Bruton obtained a judgment in North Carolina for a sum of approximately $600,000.00. Debtors did not appeal and in August, 1986, Bruton transferred the judgment to Westmoreland and Beaver Counties, Pennsylvania. In September, 1986, Debtors, who had taken no action in the matter previously, filed a motion to open the judgment in Beaver County which is still pending because Debtors obtained several continuances of the scheduled hearings. In September, 1987, sixteen months after judgment was entered in North Carolina, Debtors also filed a motion to strike the judgment in North Carolina. A hearing on the motion to strike has been continued three times at Debtors' request and has been rescheduled for May of 1989.

Debtors filed bankruptcy on December 22, 1988, after learning that Bruton applied to the Beaver County Court for supplementary relief. Debtors have not filed certain supersedeas bonds as required by Pennsylvania law.

On January 31, 1989, this court heard argument on Bruton's motion to dismiss or convert this bankruptcy. At that time, and in their answer to the motion, the Debtors admitted that Bruton is their only unsecured creditor and that they filed the bankruptcy primarily to take advantage of the automatic stay, which provides an injunction against the creditor's actions in Beaver County, thereby attempting to avoid the posting of a supersedeas bond. Debtors have only one other creditor, which is secured by a mortgage, and payments on that debt are not in default. Debtors' wage-earner income is between $20,000.00 and $25,000.00 per year and their liabilities well exceed their assets when Bruton's judgment is considered. Excluding the judgment, Debtors show a positive net worth of approximately $261,000.00. Their assets primarily consist of real estate and, in that sense, are not liquid. It is apparent that in view of their income and their asset to liability structure, if the judgment stands, Debtors could not reorganize due to

an inability to fund a plan. If the judgment falls, Debtors will have no need to reorganize. Debtors indicated that they would move to dismiss this bankruptcy if they succeed in state court.

Section 305 of the Bankruptcy Code provides that "[t]he court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if (1) the interests of creditors and the debtor would be better served by such dismissal or suspension...." 11 U.S.C. § 305(a).

Several courts have provided guidance as to the appropriate factors a court should consider in deciding whether to exercise its discretion and abstain from jurisdiction. In *Cinema Service Corp. v. Edbee Corp.*, 774 F.2d 584 (3d Cir.1985), an appeal was taken from an order granting sanctions. The Court of Appeals reviewed the facts of the underlying bankruptcy case which had been dismissed by the bankruptcy judge pursuant to 11 U.S.C. § 305(a). The bankruptcy court found that use of the automatic stay for purposes other than reorganization is an abuse of the judicial process. 774 F.2d at 585. In *Edbee Corp.* the Debtor and the creditor both had state court judgments and the Court of Appeals noted that "[a]scertainment of the correct standing of accounts between two parties [in such a situation] is a matter for resolution in state court. The controversy did not involve any other creditor of the debtor, and the dispute clearly was not a proper subject for invocation of a bankruptcy proceeding." *Id.* at 586.

In the instant case the matters underlying Debtors' petitions to strike and open involve only the Debtors and their sole unsecured creditor. Moreover, not only are questions of Pennsylvania state law involved but ones of North Carolina law are evident.

In *In re Business Information Co., Inc.*, 81 B.R. 382 (Bankr.W.D.Pa.1988), the court abstained from retaining jurisdiction because (1) there existed an issue of unsettled state law, (2) another forum was available for its resolution and (3) there was "a need to arrest the continuing dissipation of time and money." 81 B.R. at 387. In the case at bench the courts of two different states have pending proceedings and are the appropriate bodies to decide the issues of opening or striking state court judgments and to deal with any ensuing litigation. Thus, the criteria of (1) and (2) above are met. With respect to "dissipation of time and money", we note that Debtors are using the bankruptcy process to obtain a quick, long-lasting and inexpensive injunction in an effort to avoid the posting of a supersedeas bond. The filing of the bankruptcy petition has imposed attendant legal fees, costs and expenses on the only unsecured creditor in the case, who now must appear in three fora exercising jurisdiction over one legal controversy. Moreover, the North Carolina judgment was entered nearly three years ago and was not appealed. Debtors have delayed the execution process throughout that time. By filing the bankruptcy petition Debtors have attempted to interpose not only another delay but another rung in the judicial structure. Until the state matters are resolved, this bankruptcy cannot proceed and there can be no "just, speedy and inexpensive" conclusion to this case. Bankruptcy Rule 1001.

The bankruptcy court is not a panacea for every trouble. Where, as here, there is no prospect for reorganization, where the dispute is between Debtor and its only unsecured creditor, and where the issues can be addressed effectively in the state courts, this court will not allow its jurisdiction to be used to defeat state requirements for supersedeas bonds or to foster collateral attacks on state court judgments. *See Edbee Corp., supra.* We find that abstention is the best course of action in this case [1] and will enter an order dismissing the bankruptcy without prejudice to refiling, if appropriate, once all state court matters now pending have been resolved. *See In re A & D Care, Inc.*, 90 B.R. 138,

1. Although we find factors to indicate that this may be a bad faith, abusive filing, *In re Business Information Co., Inc., supra,* we need not go so far based upon our decision to abstain and to dismiss the case to permit the parties to pursue their state remedies.

142 (Bankr.W.D.Pa.1988). This order will be entered because we find that it is in the best interest of the Debtors and Bruton to have the state courts decide the issues pending before them, to-wit, petitions to strike or to open judgments and/or to stay execution, which will be based entirely on applicable state law. Accordingly, this court will abstain from and dismiss this case.

An appropriate order will be issued.