**In re TRAVERSE CITY LIMITED PARTNERSHIP, a Michigan limited partnership d/b/a Park Place Hotel, Debtor.**

**Bankruptcy No. 89 B 03764.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Dec. 15, 1989.

Abraham Brustein, Burke & Smith Chtd., Chicago, Ill., Cunningham, Davison, Beeby, Rogers & Alward, Traverse City, Mich., for Committee of Equity Security Holders.

Mitchell D. Goldsmith, Shefsky & Froelich Ltd., Chicago, Ill., for TCLP, Inc.

Sheldon L. Solow (Special Counsel), Sachnoff & Weaver, Ltd., Stephen T. Bobo, Towbin & Zazove Ltd., Malcolm Gaynor, Robert Nachman, Schwartz, Cooper, Kolb & Gaynor, Lee R. Barbakoff, Siegan, Barbakoff & Gomberg, Richard A. Fine, Chicago, Ill., R. Steven Polachek, Barrington, Ill., Norman K. Droste, Bowerman, Droste & Meeuwenberg, Traverse City, Mich., Norman Newman, Much, Shelist, Freed, Denenberg & Ament, Robert Weitzman, Howard Wolkoff, TCLP, Inc., Chicago, Ill., Patrick Wilson, Running, Wise, Wilson, Ford & Phillips, Traverse City, Mich., Karla Schreiber, Holleb & Coff, Chicago, Ill., for debtor.

## MEMORANDUM OPINION

RONALD S. BARLIANT, Bankruptcy Judge.

The Debtor in this case is a limited partnership. Its general partner, TCLP, Inc., made a post-petition loan to the Debtor, evidenced by a note and a mortgage on the Debtor's principal asset. TCLP, Inc. was represented in connection with that transaction and related matters by the law firm of Shefsky & Froelich, Ltd. TCLP, Inc. is now requesting reimbursement from the estate of its legal expenses, totalling $19,435.18. That request will be denied.

■ The first basis upon which TCLP, Inc. claims a right to compensation to its lawyers from the assets of this estate is that, according to TCLP, Inc., the Debtor is obligated to pay those fees under the mortgage and partnership agreement. The mortgage secures "all ... indebtedness and liabilities, direct, indirect, absolute or contingent owing by the Mortgagor [i.e., the Debtor] to the Mortgagee [i.e., TCLP,

Inc.] in any manner and at any time whether in the past or hereafter...." The partnership agreement provides:

> The Partnership will reimburse the General Partner for any and all costs incurred by the General Partner on behalf of the Partnership, including costs related to legal, accounting, data processing, duplicating and other similar services.

TCLP, Inc. argues from these documents that the Debtor had a contractual obligation to pay these legal fees and that obligation is secured by the mortgage. Since the collateral was sold for more than the total amount of the secured debt, TCLP, Inc. argues, those fees should be paid from the remaining proceeds of that sale.

The principal defect in that argument is that the Debtor is not obligated to pay its general partner's fees, except when those fees are incurred "on behalf of the Partnership." Here, the fees were incurred in connection with transactions between the general partner and the partnership, not a transaction TCLP, Inc. entered into on behalf of the Debtor. The general partner retained counsel to protect its own interests in connection with those transactions; the Debtor/partnership was separately represented by other counsel. TCLP, Inc. did not represent, or act "on behalf of" the Debtor with a third party, but on its own behalf with the partnership. The partnership agreement does not obligate the Debtor to pay all the general partner's expenses incurred in connection with the partnership, but only expenses incurred on "behalf of the Partnership". The expenses claimed here do not fall within that category.

Since the Debtor is not obligated under the partnership agreement to pay these expenses, it follows that the mortgage does not secure that payment. Therefore, payment cannot be allowed from the proceeds of the sale of the encumbered asset, or from any other proceeds of this estate.

■ TCLP, Inc. also briefly argues that it should be entitled to these fees on "purely equitable grounds," relying on the provisions of 11 U.S.C. § 503(b)(3) and (4) that

permits the compensation of attorneys for certain entities who have made a substantial contribution to the estate. This claim, too, falls short.

"Applications filed under section 503(b)(3) must be scrutinized carefully for they are filed after the services are performed, yet without prior court approval and, sometimes, knowledge." *In re Food Workshop, Inc.*, 70 B.R. 962, 967–68 (Bankr.S.D.N.Y.1987). The principal contribution alleged here is the lending of money to the Debtor. There is no doubt that the loan benefitted the estate. Presumably every business transaction entered into by a debtor-in-possession is for the benefit of the estate. It does not follow, however, that every entity that enters into such a transaction with a Chapter 11 debtor is entitled to have its legal fees paid by the estate, in addition to whatever consideration it bargained for.[1] TCLP, Inc. has cited no case, and this Court has found none, that has awarded fees under §§ 503(b)(3) and (4) incurred by entities in the course of loan or other business transaction with the Debtor. Nor is there any reason for a special rule simply because the lender here is the general partner of the Debtor.

There is another factor here that militates against allowance of these fees. The post-petition loan transaction and other transactions involving the general partner were approved by this Court after notice and hearings. Those hearings included a consideration of the costs to the estate of the transactions. At no time during those hearings did the Debtor or the general partner indicate that those costs would include the general partner's separate attorneys fees. Once the parties have agreed to the terms of a contract and that contract has been approved by the Court, the allowance of additional consideration to one party, without any equivalent consideration to the other, is inappropriate.

For these reasons, the Motion of TCLP, Inc., for Allowance of Secured Claim is denied to the extent it seeks reimbursement of legal expenses.

An Order will be entered accordingly.

---

1. It should be noted that this Court has previously allowed payment of the principal and interest due under the note to TCLP, Inc. That payment included about $19,000 in interest calculated at the rate of 3% over a defined prime rate. The interest under the note averaged about 14% per year. That is the consideration for which TCLP, Inc., openly bargained, which was approved by this Court, and which now has been paid.