In re NEMKO, INC., Debtor.

The CHASE MANHATTAN BANK, N.A., Plaintiffs,

v.

NEMKO, INC., debtor and debtor-in-possession, and United Jersey Bank, Defendants.

Bankruptcy No. 190–11025–260.
Adv. No. 191–1110.

United States Bankruptcy Court,
E.D. New York.

Jan. 31, 1992.

Tenzer, Greenblatt, Fallon & Kaplan by Charles E. Simpson, New York City, for debtor.

Lane & Mittendorf by Christopher R. Belmonte, New York City, for United Jersey Bank.

Winston & Stawn by Howard Seife and Heidi Sorvino, New York City, for Chase Manhattan Bank, N.A.

## MEMORANDUM DECISION

CONRAD B. DUBERSTEIN, Chief Judge.

## DECISION ON MOTION OF UNITED JERSEY BANK TO IMPOSE SANCTIONS AGAINST CHASE MANHATTAN BANK, N.A.

This matter came before this court on the motion of United Jersey Bank ("UJB") for summary judgment against Chase Manhattan Bank, N.A. ("Chase") pursuant to Fed.R.Civ.P. 56, made applicable to bankruptcy proceedings pursuant to Fed.R.Bankr.P. 7056, or to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6), made applicable to bankruptcy proceedings pursuant to Fed.R.Bankr.P. 7012 and for sanctions against Chase pursuant to Fed.R.Bankr.P. 9011. On January 15, 1992, this Court handed down a decision granting UJB's motion to dismiss the complaint. However, at that time, this Court erroneously failed to pass upon the issue as to whether sanctions were warranted against Chase. After reviewing the documents on file in this Court and for the reasons stated below, UJB's motion to impose sanctions is denied.

This is an adversary proceeding in which the Plaintiff, Chase seeks a determination of the validity, priority, and extent of the competing liens it and UJB possess with respect to the accounts receivable of the Debtor.

 Fed.R.Bankr.P. 9011 governs the imposition of sanctions in bankruptcy proceedings and provides in pertinent part:

The signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, or to cause unnecessary delay, or needless increase in the cost of litigation or administration of the case.... If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

In addition, given the identity of Fed.R.Bankr.P. 9011 and Fed.R.Civ.P. 11, this Court must be guided by the decisions construing the latter. *In re Food Workshop, Inc.*, 70 B.R. 962, 965 (Bankr.S.D.N.Y. 1987); *In re Omega Trust*, 120 B.R. 265, 270 (S.D.N.Y.1990). If a paper is signed in violation of Rule 11, the court is required to impose an appropriate sanction. *Thompson v. Duke*, 940 F.2d 192, 195 (7th Cir.1991). An objective standard is employed in the imposition of sanctions pursuant to Fed.R.Civ.P. 11. *Food Workshop*, 70 B.R. at 965.

[S]anctions shall be imposed against an attorney and/or his client when it appears that a pleading has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law.

*Eastway Construction Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir.1985).

 The purpose of this rule, is to deter tactics that abuse the litigation process. *See e.g., Cinema Service Corp. v. Edbee Corp.*, 774 F.2d 584 (3rd Cir.1985) (Bankruptcy Court imposed sanctions upon finding that petition had been filed for purpose of delay and not reorganization); *Cohoes Industrial Terminal, Inc. v. Latham Sparrowbush Assoc.*, 931 F.2d 222 (2d Cir.

1991) (sanctions should be imposed where filing was frivolous and for purpose of delay and not reorganization). While Fed.R.Bankr.P. 9011 and Fed.R.Civ.P. 11 places an affirmative duty on an attorney to "conduct a 'reasonable inquiry' into factual and legal bases of a claim before endorsing a pleading," it should not be applied in such a way so as to "stifle the enthusiasm or chill the creativity that is the very lifeblood of the law." *Melli, S.N.C. v. C. Miller, Inc.*, No. 85 Civ. 9544–CSH, slip. op. at 1, 1986 WL 13804 (S.D.N.Y. Nov. 26, 1986); *Eastway Construction*, 762 F.2d at 254.

In the case before this Court, Chase asserts it commenced this adversary proceeding based on several documents which it claims established the Debtor's chief executive office to be in Brooklyn, New York. Amongst the documents relied upon was the first affidavit of the Debtor's principal, Dino Catozzo, which the Debtor has since withdrawn. In support of its motion, UJB asserts that the Debtor's withdrawal of this affidavit, along with the retraction of the Debtor's objection to the validity of UJB's lien, should have warned Chase that there was no basis for any challenge to the validity of the lien, and therefore, there could not have been any good faith basis for the commencement of this adversary proceeding by Chase.

After examining the documents, including both the first and second affidavits of Dino Catozzo, Chase's complaint, and the subsequent memoranda of law, this Court believes that Chase commenced the instant adversary proceeding based on a good faith litigation theory and for a proper purpose. Accordingly, this Court finds that Chase did not commence a frivolous suit against the Debtor and UJB, and therefore, the imposition of sanctions pursuant to Fed.R.Bankr.P. 9011 and Fed.R.Civ.P. 11 are not warranted. UJB's motion for sanctions against Chase and its attorneys is hereby denied.

SUBMIT AN ORDER CONSISTENT WITH THIS OPINION.