In re Harold DOUGLAS, Debtor.

CALIFORNIA FEDERAL
BANK, FSB, Movant,

v.

Harold DOUGLAS, Respondent.

Bankruptcy No. A91–64357–SWC.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

March 20, 1992.

Dennis J. Connolly, Alston & Bird, Atlanta, Ga., for movant.

Milton D. Jones, College Park, Ga., for respondent.

## CONTESTED MATTER

STACEY W. COTTON, Bankruptcy Judge.

## ORDER

Before the court is the motion of California Federal Bank, FSB ("California Federal") for imposition of sanctions pursuant to Fed.R.Bankr.P. 9011 ("Bankruptcy Rule 9011") against the debtor, Harold Douglas, and debtor's counsel. The court will grant California Federal's motion based upon the following findings and conclusions.

## FACTS

Debtor filed three bankruptcy cases *pro se* between June 4, 1990 and November 5, 1990. On January 22, 1991, Chief Judge A.D. Kahn dismissed debtor's third case with prejudice pursuant to 11 U.S.C. § 1112(b) and, under 11 U.S.C. § 109(g), prohibited debtor from filing a case under Title 11 for 180 days.

Debtor's counsel filed the debtor's fourth and latest case under Chapter 13 on March 5, 1991 at 9:14 a.m. Debtor's counsel filed only a skeletal Chapter 13 petition without a statement of affairs, a plan, or any other schedules. A statement of affairs and schedules were subsequently filed on March 20, 1991.

Simultaneously, debtor's counsel also filed a motion in debtor's previous case pursuant to Fed.R.Civ.P. 60 ("Rule 60"), seeking relief from the prejudicial order of dismissal. However, Chief Judge Kahn had previously denied a similar motion to vacate that order of dismissal, which the debtor had filed *pro se*. The Rule 60 motion was apparently returned to counsel because it had already been determined.

Counsel for California Federal was notified of debtor's Chapter 13 filing on the morning of March 5, 1991 and filed an emergency motion to dismiss and, in the alternative, for termination of the automatic stay and for sanctions. California Federal sought termination of the stay in order to foreclose upon three parcels of debtor's real property. Attached to the emergency motion was a copy of the order of dismissal with prejudice entered in debtor's previous case. This court conducted an expedited hearing at 2:00 p.m. that afternoon. At the hearing the court granted California Federal's emergency motion for termination of the stay and indicated that this case would be dismissed with prejudice as an abusive filing in violation of Judge Kahn's order. The court also retained jurisdiction of the case for the purpose of imposing sanctions.

The court's ruling at the March 5, 1991 hearing was memorialized in its order of April 29, 1991. The findings of facts in that order are adopted herein by reference. The order provided that debtor's case was dismissed with prejudice as an improper filing because of the prejudicial dismissal of debtor's previous case and the filing was an "... abuse of the bankruptcy process and an effort to frustrate the interests and rights of movant and other creditors." Order of April 29, 1991, p. 3.

Thereafter, on March 14, 1991, California Federal filed a further motion for sanctions pursuant to Bankruptcy Rule 9011. The motion seeks imposition of California Federal's reasonable attorney's fees and expenses and any further sanctions against the debtor and counsel that the court determines to be proper.

On March 21, 1991, Premier Financial Services ("Premier"), another creditor, filed its motion to annul the automatic stay and to confirm foreclosure sale, alleging that on March 5, 1991, Premier foreclosed and sold another of debtor's properties prior to

receiving notice of debtor's March 5, 1991 Chapter 13 filing. Debtor filed his response to Premier's motion on March 27, 1991 and sought conversion to Chapter 7 and reassignment of his case.

Premier's motion was heard on March 27, 1991 by Chief Judge Kahn, in the absence of the undersigned. At that hearing, counsel for Premier brought to the court's attention the prejudicial dismissal order in debtor's previous case which prohibited a new filing for 180 days. Without advising Chief Judge Kahn of this court's action and order at the March 5, 1991 hearing, debtor's counsel requested and advocated reconsideration of the order entered in debtor's previous case. Premier's motion to annul the stay was granted. *Id.* at pp. 10–11. By order of April 10, 1991, Chief Judge Kahn denied debtor's request to be permitted to convert to Chapter 7 upon indicating that he had been unaware of the previous motions of California Federal and the proceedings before the undersigned.

California Federal's motion for sanctions came on for hearing on May 14, 1991. At the hearing, debtor's counsel stated that he advised debtor to file his Chapter 13 petition for the purpose of protecting debtor's property from foreclosure. Transcript of Hearing of May 14, 1991, pp. 27–28. Counsel also disclosed that debtor had informed him of the prejudicial dismissal order before counsel filed debtor's present Chapter 13 petition. *Id.* at 20. In his affidavit accompanying debtor's response to California Federal's motion for sanctions, debtor's counsel further states that on March 4, 1991, the day before the Chapter 13 filing, debtor gave him a copy of the order of dismissal. Jones Affidavit ¶ 4. These statements contradict counsel's previous statements to the court. At the March 5, 1991 hearing, debtor's counsel represented that debtor had retained him the previous afternoon, on the eve of foreclosure, and that, while debtor mentioned his previous filings, counsel was generally unfamiliar with the facts surrounding those cases. Transcript of Hearing of March 5, 1991, p. 7. While not disputing California Federal's presentation, counsel represented that he first learned of the prejudicial dismissal

order and the 120 day prohibition when served with California Federal's emergency motion to dismiss. *Id.* at pp. 8–9. Then at the March 27 hearing, debtor's counsel stated in that hearing that "I was not aware. I did not see Your Honor's order, as far as dismissal with prejudice until the next day (after debtor's counsel filed the Chapter 13 petition.)" Transcript of Hearing of March 27, 1991, p. 6.

Pursuant to the court's order of November 14, 1991, California Federal supplemented the record by filing an affidavit of counsel setting forth an itemization of the services rendered and expenses incurred by its counsel in preparing California Federal's motions to dismiss and for sanctions in the sum of $1,630.25. Debtor's counsel was served with a copy of this supplemental filing. Neither debtor nor his counsel has objected or otherwise responded to the services rendered or the amount requested.

California Federal and Premier are not the only creditors of this debtor that were adversely effected by debtor's March 5, 1991 filing. The case file for debtor's present case contains several motions to lift stay or to dismiss debtor's Chapter 13 petition filed by other creditors of the debtor.

## DISCUSSION

■ "The signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well-grounded in fact and is warranted by existing law ...; and that it is not interposed for any improper purpose, such as to harass, or to cause unnecessary delay or needless increase in the cost of litigation.... If a *document is signed in violation of this rule,* the court ... shall impose upon the person who signed it, the represented party, or both, an appropriate sanction...." Fed. R.Bankr.P. 9011. A petition is considered a paper for which Bankruptcy Rule 9011 sanctions may be imposed. *Id.; See* Lawrence P. King et al., Collier on Bankruptcy

¶ 9011.03, f.n. 1 (15th ed. 1990); *Cinema Service Corp. v. Edbee Corp.*, 774 F.2d 584, 586 (3d Cir.1985).

In *Donaldson v. Clark*, 819 F.2d 1551 (11th Cir.1987) the Eleventh Circuit Court of Appeals held that an objective standard is to be used to determine whether the requirements of Fed.R.Civ.P. 11 ("Rule 11") are met. *Id.* at 1556.[1] Even though compliance with Bankruptcy Rule 9011 is measured by an objective standard, "... what constitutes a reasonable inquiry may depend on such factors as how much time for investigation was available to the signer; [and] whether he had to rely on a client for information as to the facts underlying the pleading, motion, or other paper...." Fed.R.Civ.P. 11 advisory committee's note; *see Mike Ousley Prod., Inc. v. WJBF–TV*, 952 F.2d 380, 382 (11th Cir. 1992).

■ An attorney who has knowledge that his client has previously filed bankruptcy is under an obligation to consult court records and determine the facts and circumstances surrounding such previous filings before he counsels his client to file bankruptcy. *Veterans Admin. v. Lunsford, (In re Lunsford)* 43 B.R. 184, 188 (Bankr.N.D.Ga.1984). The court recognizes that, on occasion, the time available may be so short, or the potential of irreparable harm so great, that there simply is not enough time to complete a reasonable inquiry. However, even where time is limited, Bankruptcy Rule 9011 requires the signers to make the reasonable inquiry, and if the signer determines the action is not well grounded in fact or warranted by existing law, then he must inform the court and all opposing parties promptly and dismiss the unwarranted action. At the hearing of March 5, 1991, debtor's counsel asserted that, although he had knowledge of debtor's previous filings, he was unable to conduct an investigation of the court records before the anticipated foreclosure on debtor's property. In his affidavit, counsel asserts that he had received from debtor a copy of Chief Judge Kahn's order of dismissal with prejudice, before he signed and filed debtor's present Chapter 13 petition. Jones' Affidavit, ¶ 4. This court concludes from the evidence that debtor's counsel knew of the prior order of dismissal with prejudice and that his filing of this case was a clear violation of that order and Bankruptcy Rule 9011.

■ Under Bankruptcy Rule 9011, the signature of an attorney or party is a certification that the document filed is not interposed for an improper purpose. Case law clearly establishes that imposition of sanctions is appropriate when a bankruptcy petition is not filed for legitimate, rehabilitative purposes, and the sole purpose for the filing is to delay foreclosure. *Cinema Service Corp.*, 774 F.2d at 585–86; *In re Morgan*, 85 B.R. 622, 622–23 (Bankr.M.D.Fla. 1987); *In re French Gardens, Ltd.*, 58 B.R. 959, 964 (Bankr.S.D. Texas 1986). At the May 14, 1991 hearing, debtor's counsel explained that he filed the debtor's present Chapter 13 case to obtain the protection of the automatic stay until he could present evidence and argument to the court showing substantial equity in debtor's properties. Thus, debtor's counsel admitted that debtor's Chapter 13 filing was intended to hinder and delay the debtor's creditors from foreclosing on debtor's assets. The court finds that there are ample grounds for the imposition of sanctions.

■ The court will now determine whether sanctions should be imposed upon both debtor's counsel and the debtor. The court may find a party and counsel jointly and severally liable for sanctionable conduct engaged in by counsel on the party's behalf if the party and counsel knew or should have known that their conduct in the case was improper. *Pelletier v. Zweifel*, 921 F.2d 1465, 1523 (11th Cir.1991). However, when imposing sanctions on a party the court should take into account the facts of the case and the relative culpability of the party and counsel. *United States v. Milam*, 855 F.2d 739, 743 (11th

---

**1.** "Rule 11 and Bankruptcy Rule 9011 are very similar and Rule 11 case law is often used interchangeably with Bankruptcy Rule 9011 case law." *Whitney Apartments Assoc. v. McGlamry, (In re Whitney Place Partners)*, 123 B.R. 117, 121 (Bankr.N.D.Ga.1991).

Cir.1988). In addition, it is within the court's discretion to impose sanctions solely on counsel and not on the party. *Mike Ousley Prod., Inc.,* 952 F.2d at 383. The court finds that both this debtor and his counsel knew that this was an abusive, serial filing and that it would violate Chief Judge Kahn's order of dismissal. Nevertheless, counsel prepared and filed this case, ignoring the known facts. He then compounded the problem by continuing to prosecute the case while making numerous inconsistent representations concerning his knowledge of the previous cases and order. The court concludes, therefore, that counsel for the debtor was the architect of this action and the proper person to be sanctioned.

■ In its motion, California Federal seeks attorney's fees and expenses incurred in preparing and presenting the emergency motion to dismiss debtor's Chapter 13 case and its motion for sanctions. Bankruptcy Rule 9011 authorizes the court to impose "... an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee." Fed.R.Bankr.P. 9011. Sanctions may include the reasonable expenses of pursuing the Rule 11 claim. *Mike Ousley Prod. Inc.,* 952 F.2d at 383–84. Counsel for California Federal has filed an affidavit setting forth an itemization of the services rendered and expenses incurred in preparing the motions to dismiss and for sanctions. This affidavit states that California Federal incurred $1,630.25 in fees and expenses. Having examined the itemization of services and expenses, the court finds and concludes that the hourly rates charged are within the range of hourly rates charged by attorneys and paraprofessionals of comparable skill, experience and reputation. The services rendered were reasonable and necessary in the filing and prosecution of these motions in response to this abusive and improper serial bankruptcy filing. Accordingly, California Federal's motion for sanctions is granted. The court imposes sanctions upon debtor's counsel,

Milton D. Jones, for California Federal's attorney's fees and expenses in the sum of $1,630.25.

IT IS SO ORDERED.