**In the Matter of Emanuel LUNSFORD and April Lunsford, Debtors.**

**ADMINISTRATOR OF VETERANS AFFAIRS, Movant,**

v.

**Emanuel LUNSFORD, April Lunsford, and J. Sam Plowden, Trustee, Respondents.**

**Bankruptcy Nos. 84–00953A, 81–04853A.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

April 25, 1984.

Edward A. Pilkington, Atlanta, Ga., for debtor in No. 81–04853A.

John R. Mrosek, Atlanta, Ga., for debtor in No. 84–00953A.

Myles E. Eastwood, Asst. U.S. Atty., Atlanta, Ga., for Veterans Admin.

## ORDER

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

Case No. 84–00953A came on for hearing on April 5, 1984, on the motion of the Administrator of Veterans Affairs for relief from the automatic stay in said case. The movant and the respondent trustee were present at the April 5th hearing and the movant presented sworn testimony in support of his motion. Based on the testimony and the other matters of record, the Court finds as follows:

The debtors filed a prior Chapter 13 case in this Court, which is docketed by the Clerk as Case No. 81–04853A. The Administrator of Veterans Affairs sought relief from the automatic stay in Case No. 81–04853A in a hearing before this Court on January 23, 1984. At that hearing, the debtors, whose residential mortgage is held by the Veterans Administration ["VA"] stated that they had paid $2,000.00 to the VA on the prior Friday to be applied against their post-petition arrearages. However, well over $2,000.00 still remained on the arrearages and the Court lifted the stay. However, the VA never received the $2,000.00 that the debtors mentioned at the January 23rd hearing. The Order granting relief from the stay was entered by the Clerk on February 6, 1984. The VA was unable to advertise the property during the month of February 1984 and was preparing to run the advertisement in March 1984, with a sale to be held in April 1984. During February 1984, new counsel was retained by the debtors, and he advised the VA's representative, Ms. Dorothy Griffin, that he would be filing another Chapter 13 case. Ms. Griffin testified that she informed counsel for the debtors that no dismissal had been entered in Case No. 81–04853A and that the VA had obtained an order granting relief from the stay. Ms. Griffin also informed counsel for the debtors that the property was not going to be foreclosed in *March* 1984, despite the debtors' fears about an impending foreclosure. Counsel for the debtors filed the petition in Case No. 84–00953A on Monday, March 5, 1984, the day before the first Tuesday of the month, which Tuesday is the normal date for foreclosures under state practice and procedure. Case No.

81–04853A was and is still pending, not having been dismissed.[1] The VA filed the present motion under consideration on March 20, 1984, with the certificate of service showing service on the debtors, their counsel and the trustee.

The Court further finds that the debtors have made only eleven direct payments to the VA as called for by the plan in Case No. 81–04853A in the 29 months since that case was filed, and the post-petition arrearages are in the amount of $5,784.00. The trustee was paying $80.00 per month under the confirmed plan in Case No. 81–04853A, and the amount of the debtors' monthly payment directly due the VA under the plan is $378.00. The debtors have no equity in the property; the debtors have failed to adhere to the terms of their plan in Case No. 81–04853A; Case No. 81–04853A has not been dismissed; no motion has been filed in Case No. 81–04853A for modification of the order terminating the stay to allow the Administrator of Veterans Affairs to foreclose; Case No. 84–00953A is only an attempt to use the § 362(a) automatic stay provisions in a newly filed case to stall validly ordered and authorized foreclosure proceedings in another Chapter 13 case; Case No. 84–00953A is void *ab initio,* as the Bankruptcy Code does not permit the concurrent pendency of two cases; and the prior Order (entered by the Clerk on February 6, 1984) granting relief from the stay in Case No. 81–04853A is *res judicata* between the movant and the respondents and the real property in question until and unless that order is modified by the Court after proper motion and hearing which has not occurred.

WHEREFORE, the Court finds that the allegations of the Movant are proved and the Court concludes that the issuance of or a continuation of the § 362(a) automatic stay in Case No. 84–00953A to prevent foreclosure of Movant's lien would work an injustice, and it is

ORDERED, ADJUDGED, AND DECREED that the stay afforded by 11 U.S.C. § 362(a) was never effective or invoked in Case No. 84–00953A, an improperly filed case, and the Court again allows Movant, his successors and assigns, and any holder in due course of the secured indebtedness which is subject of this case, to do the following things:

(a) To exercise the power of sale contained in his Security Deed;

(b) To conduct said sale under power of sale in accordance with the laws of the State of Georgia;

(c) To secure possession of said premises after such sale under power of sale.

The debtors, Emanuel Lunsford and April Lunsford, are hereby restrained from filing any subsequent Chapter 13 petition and obtaining an automatic stay under 11 U.S.C. § 362(a) prior to completion of the foreclosure of the within real property, *unless* prior to any subsequent filing, they shall file a Motion in the continuing and pending contested matter proceeding in Case No. 81–04853A for a modification of the Order entered February 6, 1984, lifting the stay. Such a Motion must be accompanied by proof in affidavit form that the debtor now has sufficient financial resources to pay the full delinquency under the Deed to Secure Debt or otherwise to provide adequate protection to the Movant and a showing of sufficient financial resources likely to support the confirmation of a new Chapter 13 Plan which provides for the debtors to pay their full monthly mortgage payment directly to the VA and

---

1. Thus, the testimony in this proceeding shows that attorney for the debtor knew that a Chapter 13 case was pending, the stay against the VA had been terminated, and should have known that another concurrent case cannot be commenced. The new Chapter 13 case was initiated only for the purpose to obtain an automatic stay to prevent foreclosure already allowed by this Court. The subject attorneys regularly represent debtors in this Court on a high volume basis and are familiar with this Court's rulings which protect the rights of secured creditors derived from prior orders to lift the stay. Such action by such attorney to file another case, to attempt to supplant another case, and preempt a relief from stay order may be in contempt of the Bankruptcy Code and orders of this Court. Thus, a hearing will be scheduled to allow said attorneys to show cause why contempt has not been shown.

to pay the monthly maintenance payments which have become due since the filing of the first Chapter 13 petition in Case No. 81–04853A. In the event the debtors convert their case to one under Chapter 7 of the Bankruptcy Code, such conversion shall not affect the lifting of the stay by this Order and the automatic stay in such Chapter 7 case shall be deemed to stand modified and lifted as herein provided.

The Clerk is DIRECTED to file this Order in both Case No. 81–00953A and Case No. 84–00953A.