In the Matter of Emanuel **LUNSFORD** and April Lunsford, Debtors.

In re Emanuel **LUNSFORD**, Debtor.

**VETERANS ADMINISTRATION, Movant,**

v.

Emanuel **LUNSFORD** and April Lunsford, Respondent.

In re Phillip William **HARPER** and Judy Whaley Harper, Debtors.

In re Phillip William **HARPER** and Judy Whaley Harper, Debtors.

**Bankruptcy Nos. 81–04853A, 84–00953A, 83–00642A and 83–05372A.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Aug. 29, 1984.

Hoke Smith, III, Clark & Smith, Myles E. Eastwood, Asst. U.S. Atty., Atlanta, Ga., for Harper in No. 83–00642A.

M.J. Waddell, Decatur, Ga., John Mrosek, Clark & Smith, Atlanta, Ga., for Harper in No. 83–05372A.

## ORDER

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

Two attorneys, from different law firms frequently engaged in bankruptcy practice before this Court, have received a citation of contempt, the imposition of a fine, as well as a loss of fees for handling their clients' case in two different cases. In each instance, the conduct meriting contempt was the filing of a Chapter 13 case to prevent foreclosure of a residence through the aid of the automatic stay when a prior Chapter 13 case involving the same debtor and creditor was already pending.

The first ruling concerned the attorney representing Phillip William Harper and Judy Whaley Harper. This Court made a ruling from the bench at a hearing held on March 29, 1984 which was committed to writing and entered March 30, 1984. The order noted the absence of the attorney at the hearing pursuant to an order to show cause and assessed certain sanctions including return of debtors' attorney fees paid to the attorney and a fine of $550.00. After this order was entered, the attorney moved this Court to vacate its March 30, 1984 Order. A hearing was held on the attorney's motion and the Court took the matter under advisement. Subsequently, on May 21, 1984 the attorney filed a Motion for Sanctions and Request for Review of Hearings.

The second ruling concerned the attorney for Emanuel Lunsford. This second ruling, announced from the bench at a hearing held on April 5, 1984 and unattended by the attorney, was similar to the first. Subsequent to this hearing, the attorney moved this Court to reconsider its oral ruling. No order was ever entered which reduced the ruling to writing.

Consideration of the explanations provided by the attorneys as to the events which had occurred convince this Court no *willful* violation of the canons of ethics, certain statutes, rules and procedures governing the practice of bankruptcy was intended. The defense in each instance was that the attorney acted on information furnished by the client rather than independent investigation as to whether the prior case had been dismissed. Therefore, this Court withdraws all sanctions previously announced in each case. Nevertheless, the fact remains that lack of awareness that one's conduct as an attorney is not in conformance with the canons, statutes, rules and procedures governing bankruptcy practice cannot excuse the conduct. Vigorous representation of a client will not justify omitting or disregarding responsibilities to which an attorney as an officer of the Court must adhere. As to the conduct at issue an attorney who knows his clients have previously filed a bankruptcy petition has the obligation to investigate independently of the information received from the client the appropriate Court records to determine the current status of that prior bankruptcy case.

## FINDINGS OF FACT

*Attorney for Mr. and Mrs. Harper*

83–00642A - Phillip William Harper
Judy Whaley Harper

83–05372A - Phillip William Harper
Judy Whaley Harper

(1) On February 11, 1983 the Harpers filed their first Chapter 13 petition in the Northern District of Georgia;

(2) An attorney from the firm of Clark and Smith represented the debtors in this filing;

(3) On May 25, 1983 an Order confirming the Chapter 13 plan was entered;

(4) On December 3, 1983 the Harpers came to another attorney, the subject attorney in this case, seeking legal advice and representing that they had dismissed the firm of Clark and Smith who had been representing them in their previous Chapter 13 case;

(5) On December 3, 1983 a motion to dismiss the first filed case no. 83–00642A, signed by subject attorney and accompanied by an affidavit signed by the Harpers, was mailed to the Bankruptcy Court;

(6) On December 6, 1983 the debtors' filed a motion to dismiss the pending first filed Chapter 13 case;

(7) On December 6, 1983 the debtors' filed their second Chapter 13 case no. 83–05372A in the Northern District of Georgia;

(8) Subject attorney assisted the debtors in this filing while the debtors were represented by other attorneys in the pending first filed case;

(9) Question number 8 of the official form of the Chapter 13 petition inquires into prior bankruptcy petitions. This question was answered by noting that case no. 83–00642A was dismissed November, 1983 by United States Bankruptcy Judge William L. Norton, Jr.;

(10) On February 22, 1984 an order confirming the debtors' second Chapter 13 plan was entered;

(11) On February 1, 1984 a letter was filed addressed to the Clerk of the Court, from the firm of Clark and Smith in reference to case no. 83–00642A in which the firm had been representing the debtors. The letter alleged that subject attorney may have improperly filed pleadings in a case in which she was not counsel of record;

(12) On March 8, 1984 an order was entered requiring the appearances of the debtors, the trustee, subject attorney and the movant attorney to explain the dismissal of case no. 83–00642A;

(13) The hearing on March 29, 1984 was held but not attended by subject attorney or the debtors;

(14) On March 30, 1984 an order was entered reinstating the first case no. 83–00642A, dismissing the second case no. 83–05372A, and requiring any attorney's fees paid to subject attorney by the Harpers be paid into the Registry of the Court and by the Court to the debtors, and requiring subject attorney to pay a fine of $550.00;

(15) Upon motion of subject attorney and the debtors' motion to vacate order, a rehearing was scheduled for April 26, 1984 concerning the show cause and imposition of sanctions order;

(16) At the April 26, 1984 hearing subject attorney explained that the absence of her clients at the March 30, 1984 hearing was due to them not receiving notification. Subject attorney stated she had notified this Court concerning her inability to attend the March 29, 1984 hearing due to a previously scheduled court date in Cobb County;

(17) The calendar clerk of this Court had previously testified that she had received no communication from subject attorney concerning her inability to attend the March 29, 1984 hearing and had called the office of subject attorney on the date of the hearing;

(18) At the April 26, 1984 hearing subject attorney acknowledged she should have checked the Court records to ascertain the status of the previous Chapter 13 case and should have requested her clients to comply with the rules of this Court to notify Clark and Smith and this Court by letter that their representation of the Harpers was terminated.

*Attorney for Mr. and Mrs. Lunsford*

81–04853A—Emanuel and April Lunsford

84–00954A—Emanuel Lunsford

(1) On November 16, 1981 the Lunsfords filed their first Chapter 13 petition in the Northern District of Georgia;

(2) Attorney Ed Pilkington assisted the debtors in this filing;

(3) On February 2, 1982 an order confirming the Chapter 13 Plan was entered;

(4) On November 23, 1983 creditor Veterans Administration ("VA") moved to dismiss the Chapter 13 case;

(5) A hearing was scheduled for January 23, 1984 on the VA's motion to dismiss or for other appropriate relief;

(6) At the hearing the Court heard evidence which showed the debtors were making the appropriate payments to the Chapter 13 trustee required under the plan, but had failed to make over one half of the monthly payments which they had been required to make directly to VA;

(7) On February 6, 1984 an order was filed which did not dismiss the Chapter 13 case but did grant relief to the VA in the form of lifting the automatic stay to allow the VA to foreclose;

(8) On March 5, 1984 Emanuel Lunsford filed a second Chapter 13 case in the Northern District of Georgia;

(9) Subject attorney assisted the debtor in the second filing;

(10) Question number 8 of the official form of the Chapter 13 petition inquires into prior bankruptcy petitions. This question was answered by noting that case no. 81–04853A had been orally dismissed by United States Bankruptcy Judge William L. Norton, Jr. on January 23, 1984 on the motion of the VA;

(11) On March 20, 1984 the VA filed a motion commencing a contested matter proceeding in case no. 84–00953A, seeking relief from the automatic stay;

(12) On April 5, 1984 a hearing was held on VA's motion to lift the stay at which neither debtor nor subject attorney made an appearance. Based on the testimony and showing of a second filing by subject attorney when he knew of the pendency of the prior case the Court announced that subject attorney was in contempt for filing of second case;

(13) No order regarding subject attorney was entered. On April 9, 1984 a motion was filed by subject attorney for reconsideration of the ruling announced at the April 5, 1984 hearing. This motion sought among other things that the Court reconsider its April 5, 1984 order announcing subject attorney in contempt for the filing of a second case while a previous case was pending. Accompanying this motion was a letter dated March 16, 1984 from subject attorney to debtor Lunsford requesting that his client notify attorney Pilkington by letter that attorney Pilkington's representation was terminated;

(14) On April 25, 1984 an order was entered declaring the petition in case no. 84–00953A to be void *ab initio* as the Bankruptcy Code does not permit the concurrent pendancy of two Chapter 13 cases. 39 BR 490. The order also reiterated that the VA had been granted relief from the automatic stay and that that order could not be modified by the filing of another bankruptcy case but only by a motion in that contested matter proceeding and a showing of a change in circumstances and financial resources of the debtor sufficient to enable the debtor to pay or promptly provide for the full delinquency to VA and to provide for timely future payments;

(15) On July 26, 1984 a motion for reconsideration of hearing held on April 5, 1984 was heard;

(16) Subject attorney was represented by counsel who explained that subject attorney had relied on his client Lunsford's statements that the previous Chapter 13 had been dismissed; that subject attorney would not have filed the debtor's second Chapter 13 case if he had known of the pendency of the first; that part of the confusion may have arisen because in November, 1983 the VA had moved to dismiss the case rather than move for relief from the stay; the debtor himself may have con-

fused the lifting of the stay as to his house with a dismissal of the Chapter 13 case;

(17) While the letter of March 16 from subject attorney seems to recognize that the debtor was represented by counsel in a bankruptcy case, counsel for subject attorney represented to this Court at the July 26 hearing that his client regretted his failure to check the records regarding the dismissal of the first Chapter 13 case himself prior to the second filing and acknowledged that such is a responsibility of counsel and should have been done.

## DISCUSSION

In the two proceedings which arise from the facts cited above, the Court has decided to vacate the order announced in open Court as to the second subject attorney as well as to vacate the order announced and entered as to the first subject attorney. There will be no citation of contempt, fine, or waiver of attorney's fees arising from these particular incidents. The Court believes its action to be warranted because of its conclusion that there was no *willful* contempt on the part of the attorneys, but rather a confusion as to what factors require the attorney to undertake additional reasonable inquiry. Specifically, the answer to question 8 specified on the official form in the bankruptcy petition as well as compliance with bankruptcy law and rules and responsible client counseling of available options demands that debtor's attorneys elicit information from their clients as to pending and/or previous cases or proceedings under Title 11. These same factors demand that when an attorney receives an affirmative response from his client about a previous bankruptcy filing the attorney is obligated to undertake other reasonable inquiry of the court records.

This Court wishes to emphasize that it is not the first subject attorney's absence at the March 29, 1984 scheduled hearing or the second attorney's absence at the April 5, 1984 scheduled hearing which gave rise to the citation of contempt and imposition of other sanctions. The conduct which this Court has found unacceptable is the failure

on the part of both attorneys to fulfill their obligations in a responsible manner to the legal system in which they work. Their failure imposes unwarranted additional burdens on clients, creditors, and this Court and staff. In both of these situations a reasonable response required inquiry independent of information supplied by their clients.

Under Rule 9011 of the Bankruptcy Rules of Procedure an attorney's signature on a document attests to "reasonable inquiry" on the attorney's part and attests that the filing is not for the purpose "to harass, to cause delay, or to increase the cost of litigation." Consequently, to assist a client in the preparation of a Chapter 13 petition would require an attorney with information from his client of a previous bankruptcy filing to attest to the accuracy by investigating the available court records. This Court is cognizant of the burden such a rule imposes upon an attorney. The Court believes, however, that the bankruptcy legal system cannot well operate without the acceptance of this burden. Debtors frequently misunderstand bankruptcy terminology, e.g., the difference in legal effect between a discharge, a termination of stay and a dismissal. Nor can an attorney provide appropriate counsel for a client who has informed the attorney of a previous bankruptcy unless the attorney knows whether the previous case was filed as a Chapter 7, 11 or 13, when it was filed, whether it is pending or how it was terminated, i.e., whether a discharge was granted, whether some debts were determined to be non-dischargeable. Again, clients are frequently confused as to these matters, and consequently the information they supply may be innocently incorrect. Yet, without accurate knowledge it is unlikely that the attorney can competently serve his client's interests or even undertake to represent that client at all if the client is currently represented by counsel in a pending case. Reasonable inquiry from records filed with the Court should provide the information necessary to assist the client in understanding and protecting his rights un-

der the law. An attorney who files a second bankruptcy case while a first one is still pending does not further or protect his clients rights as the second petition is void at its inception. Additionally, an attorney who files a second bankruptcy case while his client is still formally represented by prior counsel may be inappropriately interfering with the relationship of that client and the first counsel and such second attorney relationship may violate the rules of this Court.

Nor should the requirement that counsel make reasonable inquiry prior to preparation and filing of a bankruptcy petition be confused with a situation in which counsel has filed a law suit and has had to rely wholly on his client for certain facts. There is no analogy between a situation in which there is no reasonable inquiry counsel can make except through discovery months later and the situation in which the debtor has disclosed to the attorney a previous bankruptcy case and the facts surrounding the previous case can be ascertained by a review of the debtor's case file at the bankruptcy clerk's office.

The finding of no intent and thus no contempt of the orders of this Court and thus no sanctions may not end the matter is such instances as herein considered. Both the first subject attorney and the second subject attorney signed the debtors' Chapter 13 petition as attorney of record. To some extent the approval of payment of attorney's fees is dependent upon that signature. Under Bankruptcy Rule 2016, attorney's fees are to be reasonable; reasonableness is a judicial determination, based in part upon the character, extent, and quality of the professional services rendered. The services rendered to the debtor must be of value to the debtor to the extent of the amount allowed. Where the services are performed without regard to the procedures and regulations of this Court and where appropriate guidance of the client requires reasonable inquiry before a competent recommendation can be made, the attorney who has ignored such reasonable inquiry proceeds at his own risk both as to award of fees and other factors. A citation

for contempt and other sanctions may be imposed as the reasonable way to provide for the best interest of the participants in this Court and to exercise some control over those who choose to practice before this Court. Even where no contempt is found, the value of the services to the debtor may not equal under the criteria of Rule 2016 and developing decisional law the amount of the legal fee charged the debtor. *See In re Dooley,* 41 B.R. 31 (BC ND GA., 1983), citing to *Johnson v. Georgia Highway Express,* 488 F.2d 714 (CA 5, 1974); *In re First Colonial Corp. of America,* 544 F.2d 1291 (CA 5), *cert denied,* 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977); *In re U.S. Golf Corp. (Neville v. Eufaula Bank & Trust Co.),* 639 F.2d 1197 (CA 5, 1981).

IT IS SO ORDERED.