**In re Benjamin GOMES, Debtor.**

**Benjamin GOMES, Plaintiff,**

**v.**

**Sally KIRSHENBAUM, individually and in her capacity as a Director of Kirshenbaum Investment Company, Inc.; Ronald L. Riccardi, individually and in his capacity as President of Apex Financial Services, Ltd.; Apex Financial Services, Ltd., a Rhode Island corporation; and, Kirshenbaum Investment Company, Inc., a Rhode Island corporation, Defendants.**

**Bankruptcy No. 8300807.**
**Adv. No. 840157.**

United States Bankruptcy Court,
D. Rhode Island.

Feb. 21, 1986.

John Rao, Rhode Island Legal Services, Inc., Providence, R.I., for plaintiff-debtor.

Sanford M. Kirshenbaum, Providence, R.I., for defendants Sally Kirshenbaum and Kirshenbaum Investment Co., Inc.

ORDER IMPOSING SANCTIONS

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

On November 8, 1985, plaintiff moved for the imposition of sanctions against defendants Sally Kirshenbaum and Kirshenbaum Investment Company, Inc. for failure to comply with discovery orders. On De-

cember 2, 1985, defendants filed an objection to said motion, which plaintiff moved to strike on the basis that the objection was filed out-of-time.

Because of defendants' repeated failure to comply with discovery orders of this Court, by filing incomplete and allegedly false answers to interrogatories and refusing to provide documents which they were ordered to produce (*see* attached docket entries), and in view of their overall conduct in attempting to obstruct the progress of this adversary proceeding (*see* Memorandum in Support of Plaintiff's Motion for Imposition of Sanctions), it is *ordered* that defendants' objection to plaintiff's motion for imposition of sanctions be stricken, and that the motion for sanctions is granted.

Accordingly, pursuant to Bankruptcy Rule 7037 and Fed.R.Civ.P. 37, the following sanctions are determined to be appropriate:

1. In the instant adversary proceeding, the following facts shall be considered established:

a. In 1978 defendants Sally Kirshenbaum and Kirshenbaum Investment Company, Inc. made at least six secondary mortgage loans, as that term is defined in R.I.GEN.LAWS § 19–25.2–1;

b. The mortgage loan which is the subject of the instant dispute was made to plaintiff by defendant Sally Kirshenbaum in the regular course of business.

2. Attorneys' fees and costs incurred by plaintiff in bringing the instant motion for imposition of sanctions, as well as those required on account of the defendants' obstructive conduct and delaying tactics throughout this proceeding, are assessed jointly against defendants Sally Kirshenbaum, Kirshenbaum Investment Company, Inc., and their attorney, Sanford M. Kirshenbaum, in the amount of $500. *See Commonwealth Electric Co. v. Woods Hole, Martha's Vineyard and Nantucket Steamship Authority,* 754 F.2d 46 (1st Cir. 1985); *In re Hydronic Enterprises, Inc. [sic],* 51 B.R. 176, 178 (Bankr.D.R.I.1985) ("[i]n determining the particular amount to be assessed, courts may simply set a fee award without submissions by the parties ...").