**In re Janet K. MORGAN, Debtor.**

**Bankruptcy No. 87–4663.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Oct. 26, 1987.

---

### ORDER ON MOTION FOR SANCTIONS AGAINST DEBTOR AND DEBTOR'S COUNSEL

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing with notice to all parties in interest upon a Motion for Sanctions against Debtor and Debtor's Counsel filed by Citizens and Southern National Bank of Florida (C & S), a creditor in the above-captioned Chapter 7 case. The Court has considered the Motion, together with the record, has heard arguments of counsel, and finds as follows:

It is undisputed that C & S holds a first mortgage on real property owned by Janet K. Morgan, the Debtor in this Chapter 7 case, and her husband, Jason Morgan, a Debtor in a separate Chapter 7 case. It is further undisputed that on October 21, 1986, after the Morgans defaulted on the mortgage, C & S filed a foreclosure action in the state court to foreclose its interest in the Morgan's property. On May 14, 1987, a summary final judgment of foreclosure was entered in favor of C & S and scheduled the foreclosure sale for June 16, 1987.

The day before the scheduled foreclosure sale, however, Jason Morgan filed a Chapter 7 Bankruptcy Petition, which prevented the June 16 sale and which was followed shortly by C & S's Motion for relief from the automatic stay. This Court granted the Motion, and on July 20, 1987, C & S filed a Motion in the state court to reset the foreclosure sale. On August 5, 1987, an amended summary judgment of foreclosure was entered in favor of C & S and rescheduled the foreclosure sale for September 1, 1987.

C & S's efforts to proceed with the foreclosure sale were again thwarted as on August 28, 1987, Janet Morgan filed this Chapter 7 case. By virtue of the automatic stay imposed by § 362 of the Bankruptcy Code, C & S was again prevented from pursuing the sale of the Morgan's property, but shortly after the commencement of the case it sought and was granted relief from the automatic stay in order to reschedule the sale once again. It is further undisputed that both Jason and Janet Morgan staggered the filing of their Chapter 7 Petitions for the sole purpose of delaying C & S's efforts to foreclose its mortgage.

Based on the foregoing facts, it is the contention of C & S that this case was filed solely to cause delay and, therefore, the signing of the Petition by the Debtor's attorney, Michael Steinberg (Mr. Steinberg), and the Debtor was in violation of Bankruptcy Rule 9011, which governs the certification of documents and which provides in pertinent part as follows:

The signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; and that it is not interposed for any improper

purpose, such as to harass, to cause delay, or to increase the cost of litigation ... If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

Preliminarily, it should be noted that sanctions may be imposed jointly and severally on both the attorney signing a pleading in violation of B.R. 9011 and the client. *See In re Gomes*, 58 B.R. 310 (Bankr.R.I.1986); *In re Medical One, Inc.*, 79 B.R. 64 (Bankr.M.D.Fla., 1987).

Further, it is well established that sanctions may be imposed where the sole purpose of filing a petition is to delay foreclosure efforts. *See In re Cinema Service Corp. v. Edbee Corp.*, 774 F.2d 584 (3d Cir.1985); *In re French Gardens, Ltd.*, 58 B.R. 959 (Bankr.S.D.Tex.1986); and *In re Silver*, 46 B.R. 772 (D.Colo.1985).

Clearly, it was not the intent of Congress to allow Debtors to file Chapter 7 Petitions for the singular purpose of delaying the inevitable conclusion of foreclosure. As it is admitted by the Debtor's counsel that the sole purpose for filing the Debtor's petition was to prevent and delay the foreclosure sale by C & S, this Court is satisfied that sanctions in the amount of $1,000.00 should be imposed jointly and severally against the Debtor and her attorney, Michael Steinberg, to compensate for attorney fees incurred in connection with the aborted foreclosure sale.

It should be noted, however, that the imposition of these sanctions should be conditioned upon the occurrence of a proposed sale of the property in dispute, as in the event the property is sold, C & S will receive compensation for attorney fees incurred by means of the sale proceeds.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Sanctions against Debtor and Debtor's Counsel be, and the same is hereby, granted, and Janet Morgan and Michael Steinberg are hereby directed to pay C & S $1,000.00 in the event the proposed sale of the Debtor's property does not occur. It is further

ORDERED, ADJUDGED AND DECREED that in the event the proposed sale does not occur, C & S may seek an Order by this Court directing Janet Morgan and Michael Steinberg to make payment in the amount of $1,000.00 as sanctions.