In re Frances Mattie MARTIN, Debtor.

**GEIBANK INDUSTRIAL BANK, Movant,**

v.

**Frances Mattie MARTIN and James E. Maley, Trustee, Respondents.**

**Bankruptcy No. A88–07667–SWC.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

March 9, 1989.

Steven E. Zagoria, Marietta, Ga., for movant.

Thomas L. Bingley, Atlanta, Ga., for debtor/respondent.

CONTESTED MATTER

STACEY W. COTTON, Bankruptcy Judge.

## ORDER

Before the court is GEIBank Industrial Bank's ("movant") amended motion for relief from stay and for imposition of sanctions pursuant to Bankruptcy Rule 9011 against debtor and her attorney. This matter is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(G). After consideration of the record, the testimony and other evidence presented, and the arguments of counsel, the court's findings and conclusions are as follows:

On February 2, 1988, debtor filed a Chapter 13 petition in Case No. 88–00883. On May 23, 1988, movant filed a motion for relief from stay with regard to the property located at 1876 Hazelwood Drive, Marietta, Georgia ("the property"). This court, by order entered August 3, 1988, granted relief by modifying the stay to permit movant to exercise its rights under the deed to secure debt and to pursue its state law remedies. (*See also* "Consent Order Modifying Stay", entered June 29, 1988).

Movant subsequently commenced a foreclosure proceeding with a scheduled auction date of September 6, 1988. On September 6, 1988 at 8:19 A.M., debtor filed a Chapter 7 petition in Case No. 88–07667. At the time of such filing, this debtor's Chapter 13 Case No. 88–00883 was open and active with a confirmed plan. Debtor filed a skeletal petition praying for relief under Chapter 7. Debtor's signature and the signature of her attorney, Thomas L. Bingley, appear on the skeletal petition.[1]

At the time of the filing of a petition in this court, the debtor's attorney, or the debtor, if *pro se,* is required to complete and file a disclosure form listing all prior cases filed by the debtor within the last two years and all related cases in which the debtor is the spouse, partner, or is affiliated with a corporation. Bankruptcy Local Rule 740, N.D.Ga. The signature of attorney Thomas L. Bingley appears on

said form which states that the debtor has no such prior or related cases.

On September 16, 1988, debtor filed her schedules and statement of financial affairs. Paragraph eight of the statement of financial affairs contained the following question:

Prior bankruptcy. What cases under the Bankruptcy Act or title 11, United States Code have previously been brought by or against you? (State the location of the bankruptcy court, the nature and number of each case, the date when it was filed, and whether a discharge was granted or denied, the case was dismissed, or a composition, arrangement or plan was confirmed.)

Debtor made the following reply to this question: "Chapter 13 Case # A88–00883SWC Northern Dist. of Ga.– Dismissal questioned."

At approximately 9:50 A.M. on September 6, 1988, the date of the Chapter 7 filing, Marvin J. Zagoria, a paralegal for movant's counsel, Steven E. Zagoria, received a telephone call from a woman who identified herself as attorney Thomas Bingley's secretary. Said secretary advised Marvin J. Zagoria that Mr. Bingley had filed a Chapter 7 petition on debtor's behalf. The secretary was advised by the paralegal Zagoria that the movant would request an emergency hearing before Judge Cotton to seek relief from the stay. The paralegal, Marvin J. Zagoria, requested that Mr. Bingley contact attorney Steven E. Zagoria as soon as possible. The secretary then advised the paralegal Zagoria that Mr. Bingley was in court and she was uncertain whether she would be able to contact him. (*See* Affidavit of Marvin J. Zagoria, sworn to and subscribed before a notary public on September 13, 1988 and attached to movant's September 19, 1988 amended motion for relief from stay and for sanctions as Exhibit C).

In response to the Chapter 7 filing, movant filed an emergency motion for relief from stay on September 6, 1988. An in-chambers hearing was set for 1:30 P.M.

---

1. Mr. Bingley's name also appears on the bankruptcy petition cover sheet as debtor's attorney.

that same day. Marvin J. Zagoria then made several attempts to contact Mr. Bingley to advise him of the hearing. At approximately 12:30 P.M., Marvin J. Zagoria received a call from one Ted Smith, who identified himself as Mr. Bingley's paralegal, and who advised that Mr. Bingley was out of town and could not attend the emergency hearing. (*See* Affidavit of Marvin J. Zagoria).

After hearing the argument of movant's counsel at the emergency hearing, the court, by order entered September 13, 1988, modified the stay and allowed movant to foreclose on its secured interest, provided, however, that movant could not record its deed under power of sale until a full hearing upon notice could be held.

Movant subsequently filed an amended motion for relief from stay which sought leave to record its deed under power of sale and also included a request for the imposition of sanctions against debtor and her attorney under Bankruptcy Rule 9011.[2] Said motion came on for hearing upon notice on October 25, 1988. Steven E. Zagoria, movant's attorney, and Thomas L. Bingley, debtor's attorney, were present at the hearing. Debtor did not appear.

This case presents a classic example of the continuing abuse of creditors and the bankruptcy system by debtors and their attorneys. It is this type of conduct which the bankruptcy courts, the district courts and the appellate court of this circuit have sought to curtail. *See Phoenix Piccadilly, Ltd. v. Life Insurance Co. of Virginia (In re Phoenix Piccadilly, Ltd.)*, 849 F.2d 1393 (11th Cir.1988) (Chapter 11 case dismissed as a bad faith filing); *Natural Land Corp. v. Baker Farms, Inc. (In re Natural Land Corp.)*, 825 F.2d 296 (11th Cir.1987) (Chapter 11 case dismissed as a bad faith filing); *Shell Oil Co. v. Waldron (In re Waldron)*, 785 F.2d 936 (11th Cir.), *cert. dismissed,* 478 U.S. 1028, 106 S.Ct. 3343, 92 L.Ed.2d

763 (1986) (Chapter 13 case dismissed as a bad faith filing).

Based on the record in these Chapter 7 and 13 cases and the September 6 and October 25, 1988 hearings, the court concludes that debtor's Chapter 7 case was not filed in good faith. This new filing evidences an intent by debtor to circumvent this court's August 3, 1988 order lifting the automatic stay in the pending Chapter 13 case and to hinder and delay movant's efforts to exercise its rights with regard to the property. Counsel even admitted at the October 25 hearing that debtor sought more time and urged the court to deny the creditor's motion and give the debtor additional time. (Transcript of the October 25, 1988 hearing on movant's amended motion for relief from stay and for imposition of sanctions, pages 11, 17–18, hereinafter, "Transcript, p. #"). Had debtor been sincerely seeking Chapter 7 relief, the pending Chapter 13 case could have legitimately been converted to Chapter 7. Bankruptcy Rule 1017(d); 11 U.S.C. Section 1307(a). The only purpose for a new case filing was an attempt to avoid the effect of this court's order lifting the automatic stay and of movant's scheduled foreclosure sale by invoking a new automatic stay created by a new case filing.[3]

Debtor's conduct in this bankruptcy filing reflects a flagrant abuse of the bankruptcy process. As the court in *Associates Financial Services Corp. v. Cowen (In re Cowen)*, 29 B.R. 888 (Bankr.S.D.Ohio 1983) stated:

> It is the determination of the Court that a debtor may not maintain two simultaneous and separate bankruptcy proceedings....
>
> The filing of two simultaneous petitions is contrary to the obvious contemplated function of the Bankruptcy Code to resolve debtors' financial affairs by admin-

---

2. Sanctions may be imposed jointly and severally against both an attorney who signs pleadings in violation of Bankruptcy Rule 9011 and the client. *In re Morgan,* 85 B.R. 622, 623 (Bankr. M.D.Fla.1987); *Hooten v. Morgan Guaranty Trust Co. (In re W.T. Grant Co.)*, 85 B.R. 243, 249 (Bankr.S.D.N.Y.1988); *Gomes v. Kirshenb-*

*aum (In re Gomes)*, 58 B.R. 310, 311 (Bankr.D. R.I.1986).

3. Debtor's intent in this regard is further evidenced by the fact that movant is the only creditor listed on the mailing matrix that debtor filed on September 6, 1988.

istration of a debtor's property as a single estate under a single Chapter within the Code. 11 U.S.C. Sections 103, 301, 302, and 303.

*In re Cowen,* 29 B.R. at 894. The court thus held that the filing of the second bankruptcy petition constituted a nullity. *In re Cowen, supra. See also Freshman v. Atkins,* 269 U.S. 121, 123–24, 46 S.Ct. 41, 41–42, 70 L.Ed. 193 (1925); *In re Smith,* 85 B.R. 872, 873–74 (Bankr.W.D.Okla.1988); *Appleton v. Belmore (In re Belmore*), 68 B.R. 889, 891 (Bankr.M.D.Pa.1987); *Administrator of Veterans Affairs v. Lunsford (In re Lunsford*), 39 B.R. 490, 491 (Bankr.N.D.Ga.1984).

The court thus concludes that debtor's filing of a Chapter 7 petition, with a Chapter 13 case still pending, was abusive and invalid. With a case pending, debtor was ineligible to file a new case thus creating a new stay. *In re Smith,* 85 B.R. at 873–74; *In re Belmore,* 68 B.R. at 891; *In re Lunsford,* 39 B.R. at 491; *In re Cowen,* 29 B.R. at 894. Accordingly, the automatic stay will be annulled *ab initio* as of the filing date of this new Chapter 7 case. *See* 11 U.S.C. Section 362(d); *Albany Partners, Ltd. v. Westbrook (In re Albany Partners, Ltd.*), 749 F.2d 670, 675–76 (11th Cir.1984). Movant is entitled to complete its foreclosure by recording the deed under power of sale, and the foreclosure is deemed by this court to be valid to the extent that it is otherwise valid according to state law and the contractual agreements.

█ The court next considers whether sanctions should be imposed against debtor. In this regard, Bankruptcy Rule 9011 provides in pertinent part as follows:

Signature. *Every petition, pleading, motion and other paper served or filed in a case under the Code on behalf of a party represented by an attorney,* except a list, schedule, statement of financial affairs, statement of executory contracts, statement of intention, Chapter 13 Statement, or amendments thereto, *shall be signed by at least one attorney of record in the attorney's individual name,* whose office address and telephone number shall be stated. A party who is not represented by an attorney shall sign all papers and state the party's address and telephone number. *The signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation.* If a document is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the person whose signature is required. *If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction,* which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee. (emphasis added).

Bankruptcy Rule 9011(a) (emphasis added). *See also Donaldson v. Clark,* 819 F.2d 1551, 1555–62 (11th Cir.1987).

Case law establishes that imposition of sanctions is appropriate when a bankruptcy petition is not filed for legitimate, rehabilitative purposes and the sole purpose for the filing is to delay foreclosure. *Cinema Service Corp. v. Edbee Corp.,* 774 F.2d 584, 585–86 (3rd Cir.1985); *In re Morgan,* 85 B.R. 622, 623 (Bankr.M.D.Fla.1987); *In re French Gardens, Ltd.,* 58 B.R. 959, 964 (Bankr.S.D.Texas 1986). Since debtor had a pending Chapter 13 case with a confirmed plan which could have been converted to Chapter 7 as a matter of right, it seems clear that debtor's Chapter 7 case was not filed for "fresh start" purposes. Based on the foregoing discussion, the court concludes that debtor's filing of this Chapter 7 petition was violative of Bank-

ruptcy Rule 9011 and the court will impose sanctions against debtor as a result thereof.

 The court next examines the conduct of debtor's attorney, Thomas L. Bingley, and whether sanctions should be imposed upon him. The following exchange occurred between the court and Mr. Bingley at the hearing on this matter:

THE COURT: Mr. Bingley, did you prepare this petition?

MR. BINGLEY: Sir?

THE COURT: Did you prepare this petition?

MR. BINGLEY: The Bankruptcy petition?

THE COURT: Yes, sir.

MR. BINGLEY: Yes, sir.

THE COURT: The Chapter Seven petition?

MR. BINGLEY: Yes, sir.

THE COURT: Let me show you the file and ask you to look at this and tell me if the signatures on it are your signatures, or if they're the signatures of Mr. Smith or someone else.

Is this your personal signature, or is that your signature as authorized for someone else?

MR. BINGLEY: Can I look at the file, please?

THE COURT: Yes, sir.

(Pause.)

While you're looking at it, there's two parts to the file and in the—in the back portion of the file there are some green sheets of paper that also bear a signature, or purport to bear your signature, and I'd like you to tell me if those are your signatures as well, or if they're a signature of Mr. Smith or some other person.

(Pause.)

My question is, is the signature that purports to be your signature, your actual signature?

MR. BINGLEY: I don't think so, Your Honor. I think it's—

THE COURT: Well, look at the two green sheets, if you would, let's do them one at a time, they're on the left, on the left side at the bottom, the very bottom sheets.

(Pause.)

Are the two green sheets that bear your signature, are those your actual signatures?

MR. BINGLEY: No, Your Honor.

THE COURT: Whose signature would that be, do you know?

MR. BINGLEY: It appears to be someone in my office, I'm not sure, exactly.

THE COURT: You don't know whose it is?

MR. BINGLEY: No.

THE COURT: Now, look in the second section at the original petition, it's toward the front—at the original petition.

(Pause.)

It's the bottom sheet, I think, or next to it in that section. Look at the petition, not the—that's a pink sheet that goes with it, but there's a—that's it, the original petition, now, is that your signature, your actual signature?

MR. BINGLEY: No, Your Honor.

THE COURT: All right. So is that a signature that you recognize?

MR. BINGLEY: I'm—and I'm not sure, exactly, I think it's somebody in my office, but I'm not sure, exactly.

THE COURT: But you don't know whose signature in your office—

MR. BINGLEY: No, Your Honor, I can't tell.

THE COURT: Then you don't know whether or not it's someone you've authorized to signature? (sic)

MR. BINGLEY: I recall this—I recall this Bankruptcy, *I'm sure it was authorized if it was filed out of my office,* Your Honor. (emphasis added).

THE COURT: All right, sir.

MR. BINGLEY: I don't think—

THE COURT: Go back over to the mike if you would, please, sir.

MR. BINGLEY: As a matter of fact, I had the impression that I had signed that petition myself.

THE COURT: All right. If I understand it, you're telling me that this is not your

actual signature, you think it's someone in your office but you don't know who?

MR. BINGLEY: No, I don't know, exactly, who signed it, but I think it's somebody in my office, Your Honor, yes.

(Transcript, p. 12–15).

The above-quoted statement by Mr. Bingley and the rest of his statement in his place made at the hearing on this matter are somewhat contradictory. For example, Mr. Bingley stated that, in filing debtor's Chapter 7 petition, "The only information that my office was operating under, and the only information that I was operating under was the information furnished to me by the client that the—and the information was that the Chapter 13 had been dismissed ..." (Transcript, p. 9).[4] Thus, while acknowledging awareness of the previous Chapter 13, Mr. Bingley failed to make a reasonable inquiry or, indeed, any investigation to ascertain the status of the previous case.

Mr. Bingley argued that the debtor, as a layperson, may have confused the lifting of the automatic stay with a dismissal of her case and thus contended that no sanctions should be imposed against her because of this. (Transcript, p. 9–10, 49). However confused a layperson may have been, the fact remains that Mr. Bingley, and those acting for him, failed to make any inquiry concerning the status of debtor's prior Chapter 13 case, of which he was aware. (Transcript, p. 9). Had Mr. Bingley reviewed debtor's Chapter 13 case, then he would have immediately discovered that the case was pending and that the court had lifted the automatic stay as to movant. As stated by the court in *Veterans Administration v. Lunsford (In re Lunsford )*, 43 B.R. 184 (Bankr.N.D.Ga.1984), "[W]hen an attorney receives an affirmative response from his client about a previous bankruptcy filing the attorney is obligated to under-

take other reasonable inquiry of the court records." [5] 43 B.R. at 188.

Upon the filing of the Chapter 7 petition, debtor's counsel was required to complete a form which stated whether the debtor had filed a prior or related case within the previous two years. The form filed in this case, purporting to bear Mr. Bingley's signature, indicated no such prior or related case filing. However, Mr. Bingley stated in open court that the information furnished to him by the debtor was that she had a previous Chapter 13 case that had been dismissed. (Transcript, p. 9). Thus, Mr. Bingley's statement conflicts with the information filed with the court. Mr. Bingley subsequently contradicted his prior statement acknowledging awareness of debtor's Chapter 13 case by stating that he had "no knowledge" of debtor's prior Chapter 13 filing. (Transcript, p. 10).

After initially acknowledging the preparation of debtor's Chapter 7 petition (Transcript, p. 12), Mr. Bingley recanted when questioned further by the court. He admitted that he authorized someone in his office to sign and file debtor's petition. (Transcript, p. 13–15). No explanation was made or offered as to the identity of the person who actually signed Mr. Bingley's name to the debtor's petition and other pleadings. Therefore, the court can only conclude that Mr. Bingley authorized a non-attorney to prepare this petition and supporting documents and to sign his, Mr. Bingley's, name to them. As such, it is the authorized act of Mr. Bingley for which he is responsible.

The evidence reflects that the most fundamental and minimal of professional services required of an attorney to his client are lacking. This bankruptcy petition was prepared, signed, and filed by someone other than attorney Bingley, without his participation. The apparent casual handling of this case does not reflect any actual attor-

---

4. Attorney Samuel D. Hicks prepared and filed debtor's Chapter 13 petition.

5. The court also notes that debtor's first case was filed by a different attorney, Samuel D. Hicks. Apparently, Mr. Bingley accepted employment to file a new case while the debtor

was still represented by that attorney. An attorney who files a second bankruptcy petition while his client is still represented by previous counsel, as here, may be inappropriately interfering with the prior attorney-client relationship. *In re Lunsford,* 43 B.R. at 189.

ney contact or representation up to the time of filing. Whatever the representation, it was performed by non-attorneys.

■ In permitting this practice, Mr. Bingley has countenanced the unauthorized practice of law by laymen [O.C.G.A. Section 15–19–51], contrary to the Ethical Considerations and Directory Rules as set out in Georgia's Canons of Ethics. *See generally, In re Anderson,* 79 B.R. 482 (Bankr. S.D.Cal.1987) (paralegal engaged in unauthorized practice of law); Annot., 41 A.L.R. 4th 361 (1985 and Supp.1988) (citing cases regarding attorneys' aiding the unauthorized practice of law). The Canons of Ethics are adopted by the State Bar of Georgia as a general guide to govern the conduct of attorneys.[6] Canon 3 states that "A lawyer should assist in preventing the unauthorized practice of law." Furthermore, Directory Rule 3–101(A) provides that "A lawyer shall not aid a nonlawyer in the unauthorized practice of law." In addition, Ethical Consideration 3–6 provides as follows:

A lawyer often delegates tasks to clerks, secretaries, and other laypersons. *Such delegation is proper if the lawyer maintains a direct relationship with his client, supervises the delegated work, and has complete professional responsibility for the work product.* This delegation enables a lawyer to render legal service more economically and efficiently. (emphasis added).

Employment of an attorney creates a unique relationship between the attorney and his client. Pursuant to this relationship, the client places his reliance and trust in the professional expertise, judgment, and guidance of his attorney. In the present case, Mr. Bingley has totally abdicated his duties, responsibilities, and judgment as an attorney to non-attorney personnel.[7]

■ The court takes judicial notice that foreclosure sales in Georgia take place between the hours of 10:00 A.M. and 4:00 P.M. on the first Tuesday in each month. O.C.G.A. Section 9–13–161(a). The Chapter 7 petition was filed at 8:16 A.M. on September 6, 1988, the first Tuesday of the month. The files and dockets for pending cases are available for the public's examination at the same place where debtor's bankruptcy petition was filed. Mr. Bingley admitted at the hearing on this matter that the debtor disclosed that she had previously filed a Chapter 13 case. (Transcript, p. 9). Thus, the person who filed debtor's petition had over an hour and a half in which to inspect the court records to ascertain the status of the Chapter 13 case. However, despite debtor's disclosure, neither Mr. Bingley nor the layperson acting for him made the slightest or most rudimentary investigation of the court files to ascertain the status of the previous case.

Further, Mr. Bingley apparently made no effort between September 6 and October 25, 1988, the date of the hearing on this matter, to ascertain the true facts and bring them to the court's attention to correct any misfeasance in the initial filing. If Mr. Bingley's presentation is to be be-

**6.** The bankruptcy court in *Cook Banking Co. v. Davis (In re Davis),* 40 B.R. 163 (Bankr.M.D.Ga. 1984) stated that the American Bar Association's Code of Professional Responsibility, on which Georgia's Canons of Ethics, Directory Rules, and Ethical Considerations are premised, "governs the conduct of lawyers practicing before the federal courts, and it is a guideline for the federal courts to follow in the regulation of their affairs." 40 B.R. at 165. *See also Brennan's, Inc. v. Brennan's Restaurants, Inc.,* 590 F.2d 168, 172, n. 5 (5th Cir.1979); *Woods v. Covington County Bank,* 537 F.2d 804, 810 (5th Cir.1976).

**7.** American Bar Association Opinion 316 (1967) provides as follows:

A lawyer can employ lay secretaries, lay investigators, lay detectives, lay researchers, accountants, lay scriveners, nonlawyer draftsmen or nonlawyer researchers. In fact, he may employ nonlawyers to do any task for him except counsel clients about law matters, engage directly in the practice of law, appear in court or appear in formal proceedings as part of the judicial process, *so long as it is he who takes the work and vouches for it to the client and becomes responsible to the client.* (emphasis added).

As the foregoing opinion indicates, an attorney may utilize laypersons to assist in his work. However, in the present case, Mr. Bingley has failed to provide even the most minimal of professional services.

lieved, as of the hearing date, he still did not know who prepared the petition or who signed his name thereto. (Transcript, p. 12–15). Therefore, this court can only conclude that this petition was filed by an unidentified layman in Mr. Bingley's office, without even the most minimal participation by Mr. Bingley. In permitting this practice, Mr. Bingley has improperly authorized a layman to engage in the unauthorized practice of law in violation of the Ethical Considerations and Directory Rules elaborated in Georgia's Canons of Ethics. *See also* O.C.G.A. Section 15–19–51.

Pursuant to Bankruptcy Rule 9011, an attorney has an affirmative duty to investigate the facts and the law prior to signing and filing any pleading, motion, or other paper. Having apparently authorized his office personnel to sign debtor's petition and supporting documents for him, Mr. Bingley accepted and declared these to be his authorized acts. He thus bears the responsibility for making a reasonable inquiry as to the accuracy of the statements contained in the Chapter 7 petition and accompanying documents.

The court determines that Mr. Bingley's statement in his place regarding the events surrounding this Chapter 7 filing is riddled with contradictions and is not credible. Mr. Bingley was an integral part of the abuse of the bankruptcy process by this debtor's new filing in an attempt to frustrate and delay movant in the exercise of its contractual right to foreclose on the property. The court thus finds that the petition and accompanying documents related thereto were not filed according to the best of Mr. Bingley's knowledge, information, and belief, formed after reasonable inquiry as required by Bankruptcy Rule 9011. In fact, no reasonable inquiry or investigation was made concerning debtor's prior case, eligibility to file, and rights as to movant. Because of this, imposition of sanctions is appropriate against Mr. Bingley.

The court has examined Steven E. Zagoria's itemization of attorney's fees and expenses in the sum of $998.50 resulting from this abusive filing and has heard testimony regarding the same (including cross-examination by Mr. Bingley) and concludes that the fees and expenses are reasonable and should be imposed jointly and severally against debtor and her attorney, Thomas L. Bingley, to compensate movant for attorney's fees and expenses incurred in connection with this abusive filing. Accordingly, it is

ORDERED that movant's motion is GRANTED; the automatic stay is annulled *ab initio* to September 6, 1988, the date of the filing of this case; movant's foreclosure sale and recordation of its deed under power of sale is authorized and approved; and the foreclosure sale is deemed valid to the extent it is otherwise valid according to movant's contractual agreements and applicable state law, and it is

ORDERED that movant's request for sanctions under Bankruptcy Rule 9011 is hereby GRANTED and the court imposes sanctions for movant's attorney's fees and expenses in the sum of $998.50 against debtor and her attorney, Thomas L. Bingley, jointly and severally, for their actions in this case. Said sum shall be payable to movant's counsel, Steven E. Zagoria, within fifteen (15) days from entry of this order, and it is

ORDERED that debtor's attorney shall file an affidavit of compliance with this order, with a copy to the court in chambers, within twenty (20) days of entry of this order.

IT IS SO ORDERED.