**In re VALPARAISO MOTEL CORPORATION, Debtor.**

**Bankruptcy No. 90–61376.**

United States Bankruptcy Court, N.D. Indiana, Hammond Division, at Gary.

Aug. 29, 1990.

Nancy Hochman, South Bend, Ind., for U.S. Trustee.

Roger Schnitzler, Madison, Wis., for debtor.

Donald Johnson, Lafayette, Ind., for First Midwest Bank.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL[1] AND RECOMMENDATIONS TO UNITED STATES ATTORNEY FOR NORTHERN DISTRICT OF INDIANA

KENT LINDQUIST, Chief Judge.

This Chapter 11 case came before the Court on August 24, 1990 for final hearing on Motion to Dismiss this case filed by the U.S. Trustee on August 9, 1990, after notice to all creditors and parties in interest.

Submitted. Evidence and arguments heard.

The parties stipulate that: (1) The Debtor commenced a voluntary Chapter 11 case in the United States Bankruptcy Court for the Northern District of Illinois, Case No. 90–B3664 on February 27, 1990, (2) that said case is still pending, and (3) that on July 31, 1990 while the Illinois case was still pending, the Debtor commenced a second voluntary Chapter 11 case under this case number, and (4) that in the Illinois case, the Debtor's primary secured creditor, the Bank, obtained a stay relief and a foreclosure sale was scheduled for August 1, 1990.

Michael Cooper, an executive officer of the Debtor admitted that both the Illinois, and Indiana cases were commenced one day prior to a scheduled state foreclosure sale as to its principal asset in which the Bank was the foreclosing mortgagee.

The Statement of Affairs executed by Michael Cooper under oath on July 31, 1990 in this case at Number 10 stated that there had not been any prior bankruptcy proceedings brought by or against the Debtor. This was clearly not the case.

It is clear that a debtor may not simultaneously maintain two voluntary bankruptcy cases. *See, In re Martin,* 97 B.R. 1013 (Bankr.N.D.Ga.1989); *In re Lunsford,* 39 B.R. 490 (Bankr.N.D.Ga. 1984); *In re Smith,* 85 B.R. 872 (Bankr.W. D.Okla.1988); *In re Borg,* 105 B.R. 56 (Bankr.D.Mont.1989).

Thus, inasmuch as the Bankruptcy Court in Illinois obtained general jurisdiction of the Debtor and its assets prior to the petition filed by the Debtor in this case, the Debtor's petition in this shall be dismissed *instanter.*

The Court also finds that the petition was filed by the Debtor in bad faith,

---

1. This Order constitutes the Court's Findings of Fact and Conclusions of Law pursuant to Fed.R. Civ.P. 52 as made applicable by Bankruptcy Rules 9014 and 7052.

and was an abuse of the Bankruptcy system.

■ In addition, pursuant to Bankr.R. 9011, the Court finds that the Debtor's Petition and Statement of Affairs were not well grounded in fact or warranted by existing law, and sanctions shall be imposed jointly and severally versus the Debtor, Michael Cooper, as executive officer of the Debtor, and the Debtor's attorney, Roger Schnitzler.

One hour of this Court's time was expended on this unwarranted and frivolous petition by the Debtor. It is estimated it costs the United States government $600.00 an hour to maintain a federal judge. Accordingly, the Court hereby assesses monetary sanctions versus the Debtor, Michael Cooper, and Attorney Schnitzler in the sum of $600.00, jointly and severally. *Dominquez v. Figel,* 626 F.Supp. 368 (N.D.Ind.1986); *Naked City, Inc. v. Aregood,* 117 F.R.D. 634 (N.D.Ind.1987); *Nixon v. Rose,* 631 F.Supp. 794 (N.D.Ind.1985).

Finally, it appears that there is reason to believe that Michael Cooper perjured himself by stating under oath at question 10 of the Debtor's Statement of Affairs that no previous bankruptcy proceeding had been filed by or against the Debtor.

Thus, a copy of this Order shall be also transmitted to the United States Attorney for the Northern District of Indiana pursuant to 18 U.S.C. § 3057.

It is therefore,

ORDERED, ADJUDGED, AND DE-CREED,

1. That the Debtor's Petition is hereby dismissed instanter.
2. That the Debtor, Michael Cooper, and Attorney Roger Schnitzler are hereby jointly and severally assessed the sum of $600.00 as sanctions pursuant to Bankr.R. 9011, which shall be paid to the Clerk of this Court within ten (10) days for the use and benefit of the United State Treasury; further, that although the Debtor's petition has been dismissed, this case shall remain open until said monies are so paid.
3. That the automatic stay issued in this case is hereby annulled pursuant to § 362(d) retroactive to the date of the Debtor's Petition on July 31, 1990.
4. That the Debtor is hereby enjoined and the Clerk of this Court is hereby instructed to accept no further petitions by the Debtor until said $600.00 is paid to the Clerk of this Court, and the Debtor presents a duly certified copy of an order rendered by the Bankruptcy Court in case No. 90–B3664, that a final, unappealable order of dismissal of that case without prejudice to refiling has been entered of record.
5. That the Clerk of this Court shall transmit a copy of this Order to the United States Attorney for the Northern District of Indiana as a report pursuant to 18 U.S.C. § 3057 as to the possibility that a false oath was made by Michael Cooper pursuant to 18 U.S.C. § 151.

The Clerk shall enter this order on a separate document pursuant to Bankr.R. 9021.